THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RICHARD FITZGERALD, Plaintiff in Error.

*Opinion filed June 16, 1926.*

1. CRIMINAL LAW—*what does not render a confession incompetent.* A confession is not rendered inadmissible by the mere fact that it was elicited by questions put by police officers or others while the defendant was in custody, even though the questions assumed the prisoner's guilt.

2. SAME—*when statement of co-defendant is admissible.* The statement of a co-defendant to a police officer is admissible in evidence against the defendant where the defendant was present when the statement was made and where he had previously made a similar statement in effect admitting the same facts.

3. SAME—*minor above age of ten is chargeable with crime as an adult.* As the Criminal Code fixes at ten years the age below which there is a want of criminal capacity, when an infant above this age stands charged with a crime he appears and defends in person or by attorney, the same as an adult.

4. SAME—*when criminal court has concurrent jurisdiction with juvenile court.* The only provision made by the Juvenile Court act taking jurisdiction of the person of children from other courts is after the child has been declared a delinquent, in which case consent of the juvenile court must be obtained before the delinquent child can be prosecuted for a criminal offense in any other court, but where there has been no declaration of delinquency the criminal court of Cook county and the juvenile court have concurrent jurisdiction over persons charged with a criminal offense who are below the age of seventeen years.

5. SAME—*other criminal cases should not be referred to in an argument.* Reference to other criminal cases in no way connected with the crime charged against the accused has no proper place in an argument.

WRIT OF ERROR to the Criminal Court of Court county; the Hon. JACOB H. HOPKINS, Judge, presiding.

JAMES C. O'BRIEN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, and CLARENCE E. NELSON, of counsel,) for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error, Richard Fitzgerald, (herein referred to as the defendant,) and Nathan Berman, were jointly indicted in the criminal court of Cook county for the crime of rape. The defendant was found guilty in manner and form as charged in the indictment and the jury fixed his punishment and imprisonment in the penitentiary for the term of twenty years, and his age was found to be sixteen years. On that verdict the court sentenced the defendant to the Illinois State Reformatory at Pontiac for a term of twenty years. The defendant has sued out this writ of error to review the judgment and sentence.

About seven o'clock in the evening of November 26, 1924, Thomas Imposino, while driving his automobile in the city of Chicago, met the prosecuting witness, Catherine Lettier, of the age of twenty-one years, and invited her to take a ride in his automobile. She accepted and they drove around until about nine o'clock and then stopped the automobile on Lowe avenue, about fifty feet from the corner of Fifty-third street. There they stopped the car and remained seated in the front seat for about half an hour, conversing with each other. They had gone to school together and were well acquainted. While they were thus sitting in the automobile the defendant and Berman walked by the car and then walked back and asked Imposino if he had a cigarette, and he replied, "No." Defendant and Berman then walked away from the car but shortly thereafter returned, Berman approaching the car on the right and the defendant on the left. Berman pointed a pistol at Imposino and ordered him to "stick them up." Berman then ordered the

prosecuting witness out of the front seat of the car and into the back seat and ordered Imposino to move over to the right-hand side of the car, away from the side on which the steering wheel was located. Berman entered the back seat with the prosecuting witness and told the defendant to drive the car. Defendant was unable to start the car and he and Berman exchanged places, the defendant taking the gun from Berman. Berman started the car and drove north on Lowe avenue to Fifty-second street and from thence west on Fifty-second street to Carpenter street, thence south to Fifty-third street, and thence east on Fifty-third street to an alleyway. During this drive Fitzgerald took the prosecuting witness' pocketbook and removed two dollars therefrom, which was never returned to her. When they arrived at the alleyway Imposino was ordered out of the car and into the alley, where Berman searched him but took nothing from him. Berman ordered Imposino to remain in the alley, and told him he would blow his brains out if he did not do so. They left Imposino in the alley and drove away in the car to Forty-ninth and Morgan streets. They told the prosecuting witness that if she made any outcry they would blow her brains out. When they stopped the car they dragged the prosecuting witness out of it and took her onto the railroad embankment near the tracks, back of a coal shed, where it was very dark, and threw her down. Defendant asked Berman, using the vilest and most vulgar language possible, if he wanted to have sexual intercourse with her first, and Berman answered, "All right." Then he raised her dress, tore her underwear and perpetrated the crime charged. While this was going on Fitzgerald was lying down beside prosecuting witness, holding her around the neck in such a way that she could not move. Defendant had the gun in his hand all of the time. She could not help herself because the defendant had both hands around her neck, choking her, so that she could not change her position. When Berman got through the

defendant proceeded to accomplish the same act while Berman held her around the neck so that she could not move. They then left the prosecuting witness lying on the ground and went away. After they had gone the prosecuting witness got up and went back to the street where the car had been stopped and into a house and asked if she could use the telephone. She was directed to go to a drug store on the corner. She found some change in her coat pocket and took a street car and went to her sister's home. When she arrived at her sister's house she was crying and her face was dirty and her clothes torn and soiled. She was in such a hysterical condition that she was unable to tell her sister what had happened. Shortly thereafter two detectives came to her sister's house and she went with them to Dr. Phillips' office, and he examined the vaginal region of the girl and found numerous lacerations, little scratches and blood exuding. Dr. Phillips stated that these injuries, in his opinion, were the result of recent violence and that the abrasions were still fresh. The car that Imposino was driving on that evening was found at the corner of Forty-ninth and Morgan streets.

Lieutenant Hugh McCarthy, a police officer assigned to investigate the case, testified to admissions made to him by the defendant on December 2, 1924, in the presence of himself and four other police officers and two assistant State's attorneys. He stated that the defendant told him that he was past sixteen years old and related what he had done to the prosecuting witness on the evening in question. He testified that the defendant detailed the occurrences of the evening in substance as above set out. The court ruled that any testimony by McCarthy as to admissions made to him by the defendant with regard to Berman be stricken from the record and admonished the witness not to refer to Berman. McCarthy also testified to a conversation he had with Berman in defendant's presence in which Berman related the occurrences of the evening practically as above

set forth. Four witnesses testified in his behalf, each witness testifying simply to the fact that the defendant bore a good reputation in the community in which he resided, as a peaceable and law-abiding citizen.

The defendant contends that the case should be reversed for the reason that the court erred in admitting in evidence the alleged confession of himself, because there was no showing that it was freely and voluntarily given; that the court erred in admitting the alleged confession of the defendant's co-defendant, Berman, for the reason that it contained admissions against himself; that the criminal court, in which this case was tried, had no jurisdiction over the defendant, because he was a juvenile and could be proceeded against only by the juvenile court; and that the plaintiff in error was not given a fair and impartial trial because of the conduct of the State's attorney in his closing argument to the jury.

There is no claim or showing in the record that the statement made by the defendant to officer McCarthy was obtained by force, threats, intimidations or promises of immunity, and there was no request made for a preliminary hearing on those questions. The statement made by the defendant was made, so far as the record shows, freely and voluntarily, and part of it was made after he had been told what his constitutional rights were by an assistant State's attorney. The objection made by the defendant's attorney to the testimony of the police officer was that the defendant was in custody at the time the statement was made. A confession is not rendered inadmissible by the mere fact that it was elicited by questions put by police officers or others, even though the questions assumed the prisoner's guilt. (*People* v. *Vinci*, 295 Ill. 419.) As to the statement made by Berman to the police officer, the record shows that the statement was made in the presence of the defendant and was in substance the same as the statement previously made by the defendant and could not have been prejudi-

cial to him. The fact that he was present when the statement was made, and the fact that he had previously made a statement in effect admitting the same thing, takes the case out of the rule announced in *People* v. *Hotz,* 261 Ill. 239.

The contention that the criminal court did not have jurisdiction over the person of the defendant because he was under the age of seventeen is not tenable. The Criminal Code fixes the age below which there is a want of criminal capacity at ten years, and when an infant above this age stands charged with a crime he appears and defends in person or by attorney, the same as an adult. The criminal court and the juvenile court have concurrent jurisdiction over persons charged with a criminal offense who are below the age of seventeen years. The only provision made by the Juvenile Court act taking jurisdiction of the person of children from other courts is after the child has been declared a delinquent, in which case consent of the juvenile court must be obtained before the delinquent child can be prosecuted for a criminal offense in any other court. The defendant had not been declared a delinquent child by the juvenile court, and the jurisdiction of the criminal court over him had not been taken away.

Parts of the closing argument of the assistant State's attorney have been pointed out by the defendant as being very prejudicial to him. Reference to other criminal cases in no way connected with the crime charged against the accused has no proper place in an argument. The reference by the assistant State's attorney to the Leopold and Loeb case was improperly made, as was also a reference to a former case of rape in which a defendant by the same name as that of defendant had been on trial for such offense. The court sustained an objection to this latter reference by the assistant State's attorney. There were certain other statements made by the assistant State's attorney in his closing argument which were objectionable, but we do not think that the judgment should be reversed because of such

arguments, as there is no sufficient showing that the defendant was prejudiced thereby. The facts in this record are not disputed by the defendant and there are no extenuating circumstances, unless it be his age, which, no doubt, was taken into consideration by the jury in passing on the case.

We find no reversible error in the record, and the judgment of the court is affirmed.   *Judgment affirmed.*