(No. 29189.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DOUGLAS BATEY, Plaintiff in Error.

*Opinion filed January 23, 1946.*

DOUGLAS BATEY, *pro se.*

GEORGE F. BARRETT, Attorney General, and LAN HANEY, State's Attorney, of Marion, for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

The defendant, Douglas Batey, was indicted in the circuit court of Williamson county for burglary and larceny. The common-law record discloses that he was represented by counsel and that, having been informed, by the trial judge and his attorney, of his right to a trial by jury and the consequences of the plea of guilty, he persisted in his plea and signed a written waiver of trial by jury. June 19, 1934, defendant was sentenced to imprisonment in the penitentiary for an indeterminate term of from one year to life. He prosecutes this writ of error, appearing *pro se.*

Seeking a reversal of the judgment, defendant insists that the court erred in not appointing counsel to represent him, as he was unable to obtain counsel. The right to be represented by counsel is a personal right which a defendant may waive or claim, as he himself may determine. (*People* v. *Fuhs,* 390 Ill. 67; *People* v. *Corbett,* 387 Ill. 41; *People* v. *Harris,* 302 Ill. 590.) Under section 2 of division XIII of the Criminal Code (Ill. Rev. Stat. 1945, chap. 38, par. 730,) implementing section 9 of article II of our constitution, the court is required to provide counsel for an accused only when he shall state, upon oath, his inability to procure counsel. Defendant contends, however, that the minutes of the trial judge incorporated in the common-law record disclose that he was not represented

by counsel, and that the attorney named in the judgment order actually represented one of his three codefendants. An exhibit attached to the common-law record, but obviously improperly included, is a letter of an attorney, dated June 27, 1945, addressed to "Mrs. Baity, Johnston City, Illinois," stating that, "According to the record by the notes made by Judge White in the above case I was appointed to defend Leo Snoddy; I notice from the Judgment entered in said cause it appears from said judgment that I was appointed to defend all the above defendants, this is not the notes of Judge White who conducted the trial, as I remember I only represented Mr. Snoddy at the trial." A concession that the judgment order in the common-law record is erroneous and that the judge's minutes are correct does not aid defendant in the present proceeding. No duty rested upon the trial judge to tender the services of an attorney to defendant unless he made a request, under oath, that he was unable to procure counsel. (*People* v. *Fuhs*, 390 Ill. 67.) This, admittedly, he did not do. So far as the validity of the judgment against defendant is concerned, it is immaterial whether he was provided with counsel if the trial judge performed his duty in advising the defendant of all his rights and of the consequences of the plea of guilty. This, the record discloses, was done.

The next contention made is that the court erred in accepting defendant's plea of guilty for the reason he was unable to understand the import of his plea. This statement is without any basis in the common-law record. The mere fact that defendant was fifteen years of age on the day he was sentenced does not aid him. In *People* v. *Fitzgerald*, 322 Ill. 54, this court observed: "The Criminal Code fixes the age below which there is a want of criminal capacity at ten years, and when an infant above this age stands charged with a crime he appears and defends in person or by attorney, the same as an adult," except, if under 14 years of age his capacity must be shown. (Ill.

Rev. Stat. 1943, chap. 38, pars. 590, 591.) *People ex rel. Crowe* v. *Fisher,* 303 Ill. 430, is to the same effect. The recital in the common-law record shows that the trial judge fully discharged his duty in advising and warning defendant of the consequences of his plea. *People* v. *Corbett,* 387 Ill. 41.

Complaint is made that the court erred in imposing a sentence of from one year to life on defendant. The punishment prescribed by the Criminal Code for burglary in June, 1934, when he was sentenced, was imprisonment in the penitentiary for any term of years not less than one year or for life. (Ill. Rev. Stat. 1933, chap. 38, par. 84.) Defendant was indicted for both burglary and larceny. The value of the property stolen has no bearing on the sentence upon the conviction of the crime of burglary.

The judgment of the circuit court of Williamson county is affirmed.

*Judgment affirmed.*