(No. 29874.-

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HANK DAVIS, Plaintiff in Error.

*Opinion filed March 19, 1947.*

HANK DAVIS, *pro se.*

GEORGE F. BARRETT, Attorney General, and LAN HANEY, State's Attorney, of Marion, for the People.

Per CURIAM: Defendant, Hank Davis, was indicted at the February Term, 1929, of the circuit court of Williamson county, for the crime of burglary. On June 1, 1929, he was arraigned before the court and entered his plea of guilty. After being duly admonished as to the consequences of his plea of guilty, he still persisted therein. He was sentenced to imprisonment in the Illinois State Reformatory for an indeterminate term, not less than the minimum nor more than the maximum period provided by law as punishment for the crime charged in the indictment. Defendant appears *pro se* in prosecuting this writ of error.

At the time of his conviction, defendant was found to be sixteen years of age. The criminal *capias,* issued upon the return of the indictment, was served on defendant the same day he was arraigned and entered his plea of guilty. As grounds for reversal of the judgment it is urged that the court erred in accepting a plea of guilty, on the day of his arrest, from a youth sixteen years of age, who was not represented by counsel. The whereabouts of defendant, between the time of the indictment was returned on February 7, 1929, and the day of defendant's arraignment and sentence on June 1, 1929, does not affirmatively appear in the common-law record. The statement of the trial judge, which was included in the common-law record, reveals that an indictment for another burglary, committed the same night, was pending against defendant in the same court. It might well be that defendant was already under arrest awaiting trial on that indictment at the time of the

arraignment and service of *capias* in this case. The record does not disclose that any right was lost to defendant by reason of the *capias* having been served on him the day of his arraignment in court.

The important fact disclosed by the record, and the one which must be controlling here, is that the trial judge fully advised defendant of his right to a trial by jury; of his right to have counsel appointed for his defense; and as to the consequences of his plea of guilty. There is nothing in the record to indicate that defendant was unable to understand or comprehend the nature of the proceedings or the import of his plea of guilty. The mere fact that he was but sixteen years of age avails him nothing. He was above the age below which there is a want of criminal capacity fixed by statute, and he must appear and defend in person or by attorney, the same as an adult. *People* v. *Batey,* 392 Ill. 390; *People* v. *Fitzgerald,* 322 Ill. 54.

The record also discloses that the trial court advised defendant as to his right to have counsel for his defense. There is nothing in the record to indicate that defendant did anything to avail himself of the opportunity to obtain counsel. Having failed to request counsel, or to attempt to bring himself within the provisions of the statute authorizing or permitting the court to appoint counsel for him, the defendant cannot now complain that he was without the benefit of counsel. (*People* v. *Batey,* 392 Ill. 390; *People* v. *Fuhs,* 390 Ill. 67.) The common-law record affirmatively shows that the trial court fully discharged its duty in advising defendant of his rights and admonishing him as to the consequences of his plea. *People* v. *Corbett,* 387 Ill. 41.

The judgment of the circuit court of Williamson county is affirmed.

*Judgment affirmed.*