(No. 30053.—

Joe Pippin, Appellant, *vs.* The People of the State of Illinois, Appellee.

*Opinion filed September 18, 1947—Rehearing denied Nov. 17, 1947.*

Joe Pippin, *pro se.*

George F. Barrett, Attorney General, of Springfield, (Lan Haney, State's Attorney, of Marion, of counsel,) for the People.

Mr. Justice Fulton delivered the opinion of the court:

Joe Pippin, having been duly indicted, upon a plea of guilty to the charge of burglary, was, on May 8, 1946,

sentenced by the circuit court of Williamson County to the Illinois State Penitentiary for a term of a minimum of five years and not to exceed twenty years. On February 3, 1947, he filed a motion or petition in that court in the nature of a writ of error *coram nobis* under section 72 of the Civil Practice Act, seeking to· review and set aside the judgment entered against him on his plea of guilty.

It is petitioner's contention that certain material errors of fact do not appear of record, which if they had been known by the court at the time judgment was entered, would have caused the court to acquit and discharge him.

Petitioner, in his petition filed, contends that his conviction was obtained through fraud and fraudulent representations in that the State's Attorney promised petitioner that in exchange for a plea of guilty he would nol-pros other charges and secure for him a light sentence.

He next asserts in his petition that he was denied due process of law because of the ineffective appointment of counsel by the court to represent him.

He also alleges that he was denied the right to subpoena witnesses to testify in his behalf on the hearing of the motion to dismiss his petition.

Lastly, he claims that a signed statement or confession was obtained under duress and by threats.

The People filed a motion to dismiss the petition, which was considered by the court as a demurrer to the petition. This was a perfectly proper way to raise the issue as to whether or not the petition stated sufficient facts to bring it within the power of the court to grant relief under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1945, chap. 110, par. 196; *People* v. *Thon*, 374 Ill. 624.) Petitioner now seeks review of the judgment dismissing his petition. The case is here on writ of error but, being a civil suit, will be designated an appeal.

As to the first claim of petitioner, exhibits attached to the motion to dismiss show that in fact at the time he

pleaded guilty, two other indictments against him were nol-prossed. There is no showing in the petition as to what a light sentence should be, and the term of punishment was entirely within the province of the court. The petition does not even state any definite sentence the State's Attorney promised the petitioner would receive. At the time judgment was entered he made no objection or complaint whatsoever and cannot now be relieved from the consequences of his own negligence. *People* v. *Bruno,* 346 Ill. 449.

The next contention as to the failure to appoint counsel is wholly insufficient. We have held that no duty rests upon the trial judge to tender the services of an attorney to a defendant unless he makes a request, under oath, that he is unable to procure counsel. (*People* v. *Batey,* 392 Ill. 390; *People* v. *Fuhs,* 390 Ill. 67.) The record shows that when petitioner was arraigned in open court and called upon to plead to the indictment, he voluntarily pleaded guilty to burglary in manner and form as charged in the indictment. All of his rights as to trial by jury and the consequences of entering a plea of guilty were fully explained to him by the court and he persisted in the plea of guilty. No evidence of unfairness is evident from the common-law record, and there was no denial of due process of law.

Petitioner's claim that he was denied the right to subpoena witnesses in his behalf on the hearing of the motion to dismiss is wholly improper because the question on the motion to dismiss became one of law as to whether or not the petition was adequate and sufficient.

Neither is his assertion that his signed confession was obtained by threats material. The record says nothing about a confession. Petitioner appeared in open court and admitted his guilt and no confession appears to have been used at the hearing.

In his brief and argument the petitioner complains because the order dismissing his petition was entered without allowing him to be present in court.

It·is true that under section 9 of article II of the constitution a person accused of crime shall have the right to appear and defend in person and by counsel. In this case, however, petitioner is not now defending against a prosecution. He is prosecuting a suit to set aside the judgment by which he was convicted. The above provision of the constitution has no application to a suit of this character. *Fielden* v. *People,* 128 Ill. 595.

It was, therefore, not necessary that the petitioner be present in court at the time the motion was granted and the petition dismissed.

The petitioner does not deny or intimate that he was not guilty of the crime charged in the indictment, and not having set up in his petition sufficient facts to bring it within the power of the court to grant relief under section 72 of the Civil Practice Act, the judgment of the circuit court of Williamson County is hereby affirmed.

*Judgment affirmed.*