(No. 38394.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROY COUVION, Plaintiff in Error.

*Opinion filed November 19, 1965.*

D. McMEEKIN CONN, of Sparta, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and HOWARD CLOTFELTER, State's Attorney, of Chester, (FRED G. LEACH, and WILLIAM A. BOMP, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant was adjudged a sexually dangerous person under the provisions of section 8 of the act of 1933 in rela-

tion to the Illinois State Penitentiary (Ill. Rev. Stat. 1959, chap. 108, par. 112,) after a bench trial in the circuit court of Randolph County, and was committed to the custody of the Director of Public Safety. On this writ of error he contends the failure of the trial court, *sua sponte*, to determine his indigence and provide him with counsel deprived him of due process of law under the fourteenth amendment to the constitution of the United States, and also contravenes section 9 of article II of the constitution of Illinois. It is further maintained that the failure to report the trial court proceedings deprived him of a fair hearing in that no adequate review may now be had. No attack is made upon the constitutionality of section 8 of the act as such, defendant's theory being rather that the procedure thereunder employed has violated his constitutional rights.

The record indicates that defendant was convicted of the offense of indecent liberties with a child on December 13, 1948, and was sentenced to imprisonment in the penitentiary for one to twenty years. He was to be discharged on March 12, 1960, but before that date, and while he was still an inmate, a petition was filed alleging him to be a sexually dangerous person and praying that upon the expiration of his sentence he be delivered into the custody of the Director of the Department of Public Safety until his recovery.

After the petition was filed, the court pursuant to statute ordered defendant examined by a commission of two qualified physicians, directed that they file findings and recommendations, and by written order served upon defendant on February 16, 1960, two weeks prior to the hearing, advised him of his right to jury trial and that upon a showing of indigence counsel would be provided for him. Subsequent to the filing of the recommendations, a hearing was held at which defendant was adjudged sexually dangerous and remanded to the custody of the Director of the Department of Public Safety, where he remains.

Defendant was unrepresented by counsel throughout the proceedings, the order of commitment finding: "* * * no demand for a jury was made * * * and no demand was made for the appointment of counsel * * *".

The principal thrust of defendant's argument is that the court below must have been aware, from the allegations set forth in the petition and a document attached thereto, a "Release Progress Report" prepared by a prison psychiatrist, that it was dealing with, at best, a minimally competent person with a "borderline mental deficiency," unable to read or write, and who had spent much of his life in institutions. Since it was apparent that defendant could not read the order advising him of his right to counsel upon proof of indigency, it is vigorously urged that a duty devolved upon the court to specifically orally advise the defendant of his right to counsel and a jury trial.

We believe that the order served upon defendant manifestly indicates that the trial court recognized and undertook to comply with its responsibility to inform him of his rights under the statute. The issue, however, is the adequacy of this means of communication, considering the fact that the court was affirmatively advised of defendant's illiteracy, a written order thus being meaningless to him without adequate explanation thereof. Since the proceedings at the hearing were not reported, we are unable to determine whether defendant actually was informed of his right to counsel upon a showing of indigence, and his right to demand jury trial. The absence of a transcript may not reasonably be attributed to defendant, as it is the clear statutory duty of the duly appointed court reporter to "* * * take full stenographic notes of the evidence in *all* trials and proceedings in the court for which he is appointed, and furnish forthwith one transcript of the same, correctly made, to either party to the suit or proceeding upon the request of such party or his attorney." (Emphasis ours.) (Ill. Rev. Stat. 1961, chap. 37, par. 331, as amended by act approved

July 5, 1957). Under the peculiar circumstances here prevailing, the order of commitment can not stand in the absence of a showing that defendant actually *was* made aware of his right to be represented by counsel upon proof of indigence. We are not unmindful of the general rule that "all reasonable intendments not contradicted by the record are to be taken in favor of the validity of the judgment, [citations], and that he who seeks a reversal * * * assumes the burden of showing the illegality of the proceeding which resulted in the judgment against him." (*People v. Wilson,* 399 Ill. 437, 447.) However, defendant's inability to affirmatively establish that the trial court did not orally supplement its written notice does not warrant a presumption that the court did so where the absence of a statutorily required transcript renders it impossible for defendant to prove the contrary.

It is finally maintained by the People that, since defendant has been consistently unsuccessful in subsequent recovery petitions where he has been adequately represented by counsel, error occurring in the original commitment proceedings is rendered moot or is cured. We disagree, for these proceedings are somewhat analogous to those involving mental competency, and, once a person is originally adjudged sexually dangerous, the presumption obtains that the condition continues until some evidence of recovery is adduced. (See *People ex rel. McElhaney* v. *Robinson,* 413 Ill. 401, 403.) It is thus apparent that the burden of proof had shifted to defendant in the subsequent proceedings, and it may not now fairly be said that error in the original proceedings is remedied by denial of his subsequent recovery applications.

The judgment of the circuit court of Randolph County is therefore reversed and the cause is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*