(No. 39169.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RAYMOND EARL BREESE, Plaintiff in Error.

*Opinion filed January 25, 1966.*

JOHN W. LESKERA, of East St. Louis, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and HOWARD CLOTFELTER, State's Attorney, of Chester, (FRED G. LEACH, Assistant Atorney General, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

In 1951 the defendant was convicted in the criminal court of Cook County of the crime of indecent liberties with a child and was sentenced to the penitentiary for a term of not less than 1 nor more than 20 years. In 1962, shortly before his sentence expired, the Director of the Department of Public Safety filed a petition in the circuit court of Randolph County under the provisions of section 8 of the act of 1933 in relation to the Illinois State Penitentiary. (Ill. Rev. Stat. 1961, chap. 108, par. 112.) This petition incorporated a report of a prison psychiatrist tending to show that the defendant was a sexually dangerous person and requested a hearing to determine that issue. A hearing was held before the court without a jury, resulting in a finding that the defendant was a sexually dangerous person and committing him to the custody of the Director of the Department of Public Safety upon the expiration of his

sentence. A writ of error has been issued to review this finding.

The principal argument advanced by the defendant is that he was deprived of his right to counsel at the hearing. Upon the filing of the petition the court entered an order appointing a commission of 2 physicians to examine the defendant. The order also provided "upon a showing by the respondent that he is unable to employ counsel to represent him at said hearing that E. H. Wegener be and he is hereby appointed to represent him at said hearing." The defendant was examined by the doctors and copies of the petition, the order and the report of the commission were served on the defendant 12 days before the hearing. There is no transcript of the proceedings at the hearing and there is nothing in the order of commitment or any other part of the record to indicate that defendant was advised of his right to counsel by any means other than by service of the copy of the order. The order of commitment recites that the defendant did not demand counsel and it is undisputed that the defendant was not represented by counsel at the hearing.

The situation in this case is strikingly similar to that in *People* v. *Couvion,* 33 Ill.2d 408, in which we reversed a commitment under the above section on the ground that the defendant had been deprived of his right to counsel. In that case, as in the present one, the record showed that the defendant had been served with a copy of the court's order stating that upon a showing by the defendant that he was unable to employ counsel to represent him at the hearing, the court would appoint counsel for him. We held in the *Couvion* case that service of this order upon the defendant was insufficient to adequately advise him of his right to counsel. In that case it affirmatively appeared from the report of a prison psychiatrist which was made a part of the petition, that the defendant was illiterate and we held that under these circumstances it was necessary that the defend-

ant be adequately advised of his right to counsel in some manner other than by the service of the order upon him. In the present case the report of the prison psychiatrist stated: "Sexually Dangerous Person. Basically inadequate and unstable personality type, who is showing more and more evidence of arteriosclerotic alteration, with many psychosomatic complaints referrable to all portions of his body. Background of chronic alcoholism. Dull intelligence (Army Alpha 45)." While this report does not state that the defendant was illiterate, we are of the opinion that the defendant's condition as disclosed by the report was sufficient to make the reasoning used in the *Couvion* case applicable here.

The act under which the defendant was committed is similar in its terms and its effects to the Sexually Dangerous Persons Act. (*People ex rel. Elliott* v. *Juergens,* 407 Ill. 391.) We have held that in proceedings under the latter act the defendant must be accorded the essential protections available in a criminal trial, even though such proceedings are said to be civil in nature. (*People* v. *Olmstead,* 32 Ill.2d 306; *People* v. *Nastasio,* 19 Ill.2d 524.) We have held in criminal cases that where a defendant is entitled to counsel a finding that he waived that right should not be lightly made and that the record should show that an accused was offered counsel and that he intelligently and understandingly rejected the offer. Something more than a routine inquiry by the court is required. (*People* v. *Bush,* 32 Ill.2d 484, 487.) The act with which we are here concerned provides that the respondent is entitled to the appointment of counsel upon a proper showing that he is unable to employ counsel. In the absence of a transcript we may not presume that the defendant was further advised of his right to counsel at the time of the hearing, for the lack of the transcript cannot be attributed to the defendant. (*People* v. *Couvion,* 33 Ill.2d 408.) On this record we cannot say that the defendant knowingly and understandingly waived his right to counsel after being fully advised of that right. Indeed, the quoted

language from the court's original order was somewhat confusing since it stated that a certain attorney had already been appointed for the defendant. Even if it be assumed that the defendant was able to read and to some extent comprehend the language of the order, a person of his background and intelligence could conclude that a demand for counsel was not required because one had been appointed. The cause must therefore be remanded for a new hearing at which the defendant should be fully advised of his right to counsel, and the advice of the court and replies of the defendant should be preserved in the record. In view of the lapse of time since the original commitment a new psychiatric examination should be given the defendant prior to the hearing.

We shall briefly consider some of the other points advanced by the defendant since they relate to matters which might arise at a new hearing. He argues that since the act under which he was committed is called a civil proceeding, the provisions of the Civil Practice Act with respect to the service of summons should be applicable to the service of the notice of hearing. He therefore contends that he should have received 30 days notice. In our opinion the provisions of the Practice Act with respect to the service of summons and the time for filing an appearance are not applicable to proceedings under this act. All that is required is reasonable notice and we are of the opinion that the notice given here was adequate.

The defendant also argues that he was deprived of the right to counsel at the time he was examined by the commission. Principal reliance is placed upon *Escobedo* v. *Illinois,* 378 U.S. 478, 12 L. ed. 2d 977. The question in *Escobedo* was the admissibility of a confession made by one accused of a crime at a time when he had requested counsel and had been denied the right to see an attorney. In our opinion the holding in *Escobedo* is not applicable here and we find no error or deprivation of a constitutional right

in the fact that counsel was not provided for the defendant at the time he was examined by the commission.

The order of the circuit court of Randolph County is reversed and the cause is remanded for a new hearing in accordance with the views expressed in this opinion.

*Reversed and remanded.*