The People of the State of Illinois, Plaintiff-Appellee, v. James Lester French, et al., Jesse A. French, Defendant-Appellant.
The People of the State of Illinois, Plaintiff-Appellee, v. James Lester French, et al., Jess A. French, Defendant-Appellant.

Gen. Nos. 10,662, 10,663.

Fourth District.

February 21, 1966.

James L. Perbix, of Havana, for appellant.

Don P. Boggs, State's Attorney for Mason County, of Havana, for appellee.

CRAVEN, J.

In two separate cases, the defendant entered a plea of guilty in the circuit court of Mason County to the charge of burglary. Concurrent sentences of two to fifteen years were imposed.

The defendant, by this appeal, contends that he did not understandingly waive counsel or the right to indictment by grand jury. Both cases originated by the filing of criminal complaints charging burglary and other crimes. Ultimately all charges except the burglary charges were dismissed. The conviction was based upon the criminal complaint.

The relevant portions of the record in both cases are identical and the appeals have been consolidated for decision.

On February 16, 1965, the two criminal complaints were filed charging the defendant and others with two counts each of burglary and theft and one count charging criminal damage to property. On February 18, the defendant appeared in court without counsel, was advised of his right to counsel, and at the request of the defendant the matter was continued so that he might engage counsel. On March 2, 1965, defendant again appeared without counsel. When the court made inquiry as to whether the defendant was represented by counsel the defendant responded that his attorney "hasn't come down from Peoria yet." The cause was again continued after the court advised the defendant that an attorney would be appointed if the defendant were unable to employ counsel. On March 9, 1965, the defendant appeared with court-appointed counsel and the cause was again continued, at the request of the defendant, until March 23. On the latter date, the court informed the defendant of his right to have the charges presented to the grand jury. The defendant asserted that he did not desire to waive indictment, stating, "I want to take it to the grand jury."

On the same day, the court-appointed counsel made a motion to withdraw for reasons unrelated to these proceedings. In the motion to withdraw counsel stated, "This is bound to extend past April 1st and I feel that he should have other counsel appointed for him to carry on from here. . . ." On March 25, defendant appeared without counsel. The court observed: "You last appeared in Court here on March 23, which was the day before yesterday and at that time you requested to be prosecuted by way of indictment by the grand jury and Mr. Wheeler asked leave of the Court to withdraw as your attorney and for good cause I granted him leave to

withdraw as your attorney. I have not yet appointed another attorney to represent you, although if I remember correctly you asked me to when you were in Court the day before yesterday."

The defendant replied in the affirmative to this observation by the court. This was followed by an assertion by the defendant that he wished to change his plea and to enter a plea of guilty to these charges. The court admonished the defendant as to the consequences and advised the defendant that he was ineligible for probation by reason of a prior conviction. There followed this exchange between the defendant and the court:

Court: "Do you still wish to proceed with this?

Mr. French: "Yes.

Court: "Do you wish to proceed without an attorney?

Mr. French: "I would rather have one.

Court: "The last time you were in Court you asked me to appoint another attorney to represent you and as I understand this morning you want to proceed without an attorney and you want to enter your plea of guilty to this charge, to both of these charges, is that correct?

Mr. French: "If I plead guilty I can't have a lawyer, can I?

Court: "You can have a lawyer, you are entitled to be represented by an attorney either way whether you plead guilty or not, but it doesn't make any sense to be represented by a lawyer if you are going to enter your plea of guilty. In other words if you want me to appoint an attorney to represent

465

you I would encourage you not to enter your plea of guilty until after you had time to consult with him. In other words if [sic] doesn't make much sense to come in and enter your plea of guilty and then ask for a lawyer, a Court appointed attorney. I don't care how you proceed on this, you have made up your mind several times now and you have changed it several times and you have caused an undue hardship on the Fulton County authorities bringing you over here. I don't care what you do but I would like for you to do one thing or the other."

Following a conference between the defendant and the State's Attorney, the defendant proceeded to waive indictment and jury trial, entered a plea of guilty and asked for probation. After the plea of guilty, the charges other than the burglary were then dismissed on motion of the State's Attorney. Subsequently the defendant was sentenced and at that time requested the appointment of counsel by the court for purposes of this appeal.

 Supreme Court rule 26 (Ill Rev Stats 1963, c 110, par 101.26) provides in part as follows:

"(3) The court shall not permit a plea of guilty or waiver of indictment or of counsel, by any person accused of a crime for which, upon conviction, the punishment may be imprisonment in the penitentiary, unless the court finds from proceedings had in open court at the time waiver is sought to be made or plea of guilty entered, or both, as the case may be, that the accused understands he has a right to be held to answer for the offense on indictment by a grand jury and has understandingly waived that right and consented to his prosecution by informa-

tion, that he understands the nature of the charge against him, and the consequences thereof if found guilty, and understands he has a right to counsel, and understandingly waives that right. The inquiries of the court, and the answers of the accused to determine whether he understands his rights to be indicted by a grand jury and to be represented by counsel and comprehends the nature of the crime with which he is charged and the punishment thereof fixed by law, shall be taken and transcribed and filed in the case. The transcript, when filed, becomes a part of the common law record in the case."

Paragraph 113–3(b) of ch 38, Illinois Revised Statutes 1963, provides:

"In all cases except where the penalty is a fine only, if the court determines that the defendant is indigent and desires counsel, the Public Defender shall be appointed as counsel. If there is no Public Defender in the county or if the defendant requests counsel other than the Public Defender, the court shall appoint as counsel a licensed attorney at law of this State."

It is clear that, by rule and by statute, a procedure is set forth to establish that a defendant in a criminal proceeding is afforded the rights there enumerated. It is further clear that the right to counsel or to indictment by grand jury may each be waived if understandingly done. The requirement that the inquiries of the court and the answers of the defendant shall be recited in the record has as one of its purposes, obviously, provision for a form of procedure which will eliminate any doubt that there was compliance with the rule. People v. Rivers, 22 Ill2d 590, 177 NE2d 154 (1961); People v. Flathers, 414 Ill 486, 111 NE2d 530 (1953).

In the recent case of People v. Bush, 32 Ill2d 484, 207 NE2d 446 (1965) the Supreme Court discussed

the right to counsel and the waiver thereof, and the observations there made seem most appropriate to the question here presented. At 487, 488, (207 NE2d, at 448) Mr. Chief Justice Klingbiel, speaking for a unanimous court, said:

"There can be no question but that one accused of a felony is entitled to the assistance of counsel. (Gideon v. Wainwright, 372 US 335, 9 L Ed2d 799, 83 S Ct 792.) However, this right may be waived (People v. Robinson, 27 Ill2d 289 [189 NE2d 243]; People v. Kenzik, 22 Ill2d 567 [177 NE2d 162]) and the right of a defendant to represent himself when the choice is intelligently made is as fundamental as his right to be represented by counsel. (People v. Sinko, 21 Ill2d 23 [171 NE2d 9]) A finding of waiver is not lightly to be made (Moore v. Michigan, 355 US 155, 161, 2 L Ed2d 167, 78 S Ct 191, 195) and the record must show that an accused was offered counsel and that he intelligently and understandingly rejected the offer. (Carnley v. Cochran, 369 US 506, 516, 8 L Ed2d 70, 82 S Ct 884, 890; Johnson v. Zerbst, 304 US 458, 464, 82 L Ed 1461, 58 S Ct 1019, 1023.) In order that the court may be sure that an accused fully understands his right to counsel and intentionally relinquishes that right, something more than a routine inquiry by the court is required. (Von Moltke v. Gillies, 332 US 708, 724, 92 L Ed 309, 68 S Ct 316, 323.)" . . .

The admonition by the court in this case is very similar to the admonition of the court in the Flathers case, which was approved on review. Here, however, unlike Flathers, the defendant persisted in his request for the appointment of an attorney and clearly stated that he did not wish to waive indictment. When this record is viewed in the light of the principles set forth in Bush, we must conclude that there was a failure to

comply with the provisions of rule 26 as to the waiver of indictment and right to counsel. It cannot be said that either waiver was knowingly and intelligently made. For this reason the judgment of conviction must be reversed and the cause remanded to the circuit court for further proceedings in accordance with the views herein set forth.

Reversed and remanded.

TRAPP, P. J. and SMITH, J., concur.