**People of the State of Illinois, Plaintiff-Appellee, v. Willie Harden, Jr., Defendant-Appellant.**

Gen. No. 10,701.

Fourth District.

December 29, 1966.

Gerald M. Penner and Ronald H. Silverman, of Chicago (Joel J. Sprayregen, of counsel), for appellant.

John J. Bresee, State's Attorney of Champaign County, of Urbana, for appellee.

TRAPP, J.

Defendant appeals from his conviction upon a plea of guilty to an information charging pandering, upon which plea a sentence of 2 to 5 years in the penitentiary was imposed. Defendant's motion in arrest of judgment, or in the alternative, for a new trial, was denied.

Upon this appeal it is urged that defendant's prosecution was not consistent with due process of law and fundamental fairness in that: (1) the trial court accepted an unknowing and involuntary waiver of defendant's right to counsel; (2) the trial court accepted an unknow-

ing and involuntary waiver of defendant's right to be tried upon indictment; (3) the trial court accepted an unknowing and involuntary waiver of defendant's right to trial by jury; (4) the trial court failed to allow defendant adequate time to prepare his defense; (5) the trial court accepted an unknowing and involuntary waiver of defendant's right to present evidence in mitigation for the purpose of sentencing, and unfairly sentenced defendant to an excessively long term in the Illinois State Penitentiary; (6) the errors in the court below, taken and cumulated as a whole, violate traditional standards of due process of law, even if no single error itself violates such standards; (7) a minor defendant, under twenty-one years of age, may not be allowed under any circumstances to waive his constitutional rights unless represented by counsel.

The defendant therefore requests that the judgment of the trial court below be reversed in its entirety; or in the alternative, that such judgment be vacated and remanded to the trial court below for a new trial; or, in the alternative, that the punishment imposed by the trial court be reduced as equity and fundamental fairness demand.

 We consider the several contentions in the light of decisions by the Supreme Court that the reasonable intendments not contradicted by the record be taken in favor of the validity of a judgment and that one seeking the reversal of a judgment has the burden of proof as to its invalidity. People v. Wilson, 399 Ill 437, 78 NE2d 514; People v. Couvion, 33 Ill2d 408, 211 NE2d 746.

Within this context we note that the issue in this case must be distinguished from those in many of the authorities cited by defendant, where such issues arise under a motion to withdraw a plea, a petition in habeas corpus, a petition in post-conviction proceedings, a petition in the nature of coram nobis, People v. Jackson, 23 Ill2d 475, 179 NE2d 9, or under our Civil Practice Act,

435

ch 110, § 72 (Ill Rev Stats, 1963); Withers v. People, 23 Ill2d 131, 177 NE2d 203. Under such proceedings the issues are reviewed in the light of facts in evidence or before the court upon affidavits or other verified material, resulting in an affirmative showing that the defendant acted under some disability, or while coerced, overawed or influenced by the representations of some person in authority.

Upon the issue of defendant's waiver of counsel, it is urged that while the court satisfied its obligation to advise the defendant of his right to be represented by counsel, and to have counsel assigned if he was indigent, in language that the defendant would normally be expected to understand, nevertheless, the court failed to meet an obligation to conduct a meaningful inquiry into the particular circumstances in order to satisfy itself that the waiver of counsel, expressed orally and in writing, was intelligently given. It is suggested that acceptance of defendant's waiver of counsel was tantamount to a denial of counsel in that the court did not inquire into matters of intelligence, understanding of the crime charged, emotional state, past criminal record, financial status and support by parents and friends.

The Criminal Code, ch 38, § 113–3(a) (Ill Rev Stats, 1963) provides:

> ". . . If the defendant *desires* counsel. . . ." (Emphasis supplied.)

he shall have a reasonable time to procure counsel and consult with him before pleading to the charge. Section 113–3(b) contains the language:

> ". . . if the court determines that the defendant is indigent and *desires* counsel, the Public Defender shall be appointed. . . ." (Emphasis supplied.)

Supreme Court Rule 26(2) provides for the appointment of counsel and includes the language:

"... If he *desires* counsel, and states under oath he is unable to employ counsel, the court shall appoint competent counsel to represent him." (Emphasis supplied.)

 The appointment of counsel thus depends upon an expressed desire of the accused, except as controlled by the following provisions: ch 38, § 113–5 (Ill Rev Stats, 1963) provides:

"No person under the age of 18 years shall be permitted to plead guilty or waive trial by jury in any case except where the penalty is by fine only unless he is represented by counsel in open court."

Supreme Court Rule 26 (4) provides:

"In no case shall a plea of guilty or waiver of indictment be received or accepted from a minor under the age of 18 years unless represented by counsel."

 We have found no other instructions or directions within the Criminal Code or the Supreme Court Rules relating to the appointment of counsel for a minor, or to the waiver of counsel by a minor. The net result is that an accused of 18 years or better can waive indictment, waive a trial by jury and enter a plea of guilty, although not represented by counsel, unless the record discloses some element which taints the proceeding or convinces that there has been a denial of due process.

Matters of supplemental record establish that the age of defendant at the time of arraignment and plea was 18 years and 5 months.

The propriety of the waiver of counsel by the defendant in this case is to be measured by the standards established in People v. Bush, 32 Ill2d 484, 207 NE2d 446. There the defendant had entered a plea of not guilty and ultimately the public defender was appointed for him. On date of trial defendant moved to be permitted to act in his own

437

behalf. The trial court termed the request unusual and advised defendant that while he had a right to act as his own attorney, there appeared to be difficult legal problems concerning instructions and argument to the jury in the case, and that it was the court's judgment that it was advisable that defendant have an attorney. The court then advised defendant that he was entitled to counsel under the law and that the court was willing to appoint counsel for him. Defendant indicated that he understood his right and desired to waive it.

Upon appeal he contended that he was deprived of his constitutional rights to the assistance of counsel. The argument actually was that a lawyer should have been appointed to explain to the defendant his right to counsel. This argument was rejected by the Supreme Court.

In holding that the defendant was not deprived of his constitutional right to assistance of counsel, the court's opinion cited several opinions as authority for the proposition that the record must show that the defendant had been offered counsel, that there must be more than a routine inquiry as to whether he wished to have counsel, or waived such representation, and the record must show that the offer of counsel was intelligently and understandingly made.

Supreme Court Rule 26(3) provides that:

> "The court shall not permit a plea of guilty or waiver of indictment or of counsel, by any person . . . unless the court finds from proceedings had in open court . . . [that the accused] *understands* he has a right to counsel; and *understandingly* waives that right. . . ." (Emphasis supplied.)

It is not controverted that here the defendant was offered counsel. At the preliminary hearing he was advised of his right to counsel, and again, at arraignment, the trial court twice advised of the right to counsel and of the duty of the court to appoint counsel if defendant was

without money. At the time of this portion of the colloquy, the defendant had been advised of the severe penalty which might be imposed.

It has some significance that the trial court asked defendant if he wished to have counsel appointed. We distinguish a query as to whether defendant waived or wished to waive counsel. We cannot infer an overawed defendant in a position where it was easier to answer "yes" to the court than to answer "no." The record does not disclose any inducement or representation by a person in authority which influenced defendant's rejection of counsel. The totality of the colloquy discloses the court's advice concerning the determination of defendant's guilt upon a trial before a jury, or a trial before the court without a jury, and included the statement that if the defendant was found not guilty by a jury he would go free, but if found guilty he would be sentenced in the manner indicated by the court.

■ From the record and within the language of the Rule, we must conclude that the waiver of counsel was made "understandingly" in the sense that the defendant understood that he must be proven guilty before the jury, and that a lawyer would be appointed to assist him, but to such offer defendant twice said that he did not wish an attorney. We conclude the colloquy and the offer to appoint an attorney was not routine.

The opinion in Bush discusses waiver of counsel in terms of being "intelligently" made. Such factor is not within Rule 26(3). The term "intelligently" seems to be taken from the United States Supreme Court decisions in Carnley v. Cochran, 369 US 506, 8 L Ed2d 70 and Johnson v. Zerbst, 304 US 458, 82 L Ed 1461. As we understand the first authority, it was contended that it was presumed that the defendant waived counsel, but there was no affirmative showing of waiver of counsel in that neither offer of counsel appeared in the record, nor did it appear that assistance of counsel had been

439

affirmatively rejected. In the latter case, it appears that the court had not made inquiry of the defendant as to whether he wished counsel appointed, although request had been made of the United States Attorney and others that the defendant be permitted to have counsel. The substance of the opinion was that defendant had been ignorant of his constitutional rights and that acquiescence in the loss of such rights would not be presumed.

We conclude that in Bush our Supreme Court determined that the waiver of counsel was intelligently made in the sense that the defendant made his choice after the court had pointed out the various problems facing the defendant in the proceedings.

We have considered the many cases cited by defendant from the United States courts and their jurisdictions. Virtually all arose upon proceedings in habeas corpus or coram nobis and concern instances wherein the defendant was not advised of the right to counsel, or counsel had been requested but not appointed, or the defendant had not been advised of the consequences of his plea, or the defendant had acted as the result of representation by persons of apparent authority.

Defendant has cited People v. French, 67 Ill App2d 462, 214 NE2d 604; People v. Breese, 34 Ill2d 61, 213 NE2d 500; People v. Couvion, 33 Ill2d 408, 211 NE2d 746. In each of these cases there was no adequate advice of the right of counsel, or there was no appointment of counsel as requested.

Defendant relies upon United States v. Plattner, 330 F2d 271, a proceeding in coram nobis. He cites language that when a waiver of counsel is proffered, it is incumbent upon the trial court "by recorded colloquy" to explain to the defendant of his right to a lawyer, the obligation of the State to appoint a lawyer if indigent, the fact that he will be given a reasonable time to make a choice, the advisability of his having a lawyer, and the opinion of the court that it is in the

best interests of the defendant to be represented by counsel. That opinion, however, found that upon the record taken as a whole, the defendant had made an understanding waiver of his right to counsel and the court pointed out that the suggested outline of procedure was made for the use and guidance of trial judges, rather than an absolute formula to be adhered to. We commend such admonition to judges as a desirable procedure which may eliminate problems present here.

■ We conclude that upon this record the trial court was not in error where it is shown that defendant was doubly advised of his right to counsel, that he could have counsel appointed if indigent and that the choice was made following the statement of the extent of the sentence which could be imposed upon the plea of guilty and a statement of his rights to a trial to determine his guilt.

■ We consider defendant's argument that his waiver of indictment was not knowingly and understandingly made.

Chapter 38, § 111–2 (Ill Rev Stats, 1963) provides that all prosecutions for felonies shall be by indictment:

> ". . . unless waived understandingly by the accused in open court. . . ."

Supreme Court Rule 26(3) provides that the waiver of indictment shall not be permitted unless the court finds from the proceedings in open court:

> ". . . that the accused understands he has a right to be held to answer for the offense on indictment by a grand jury and has understandingly waived that right and consented to his prosecution by information. . . ."

Supreme Court Rule 26(4) provides that the court shall not receive or accept a waiver of indictment from a minor under 18 years unless represented by counsel. We find

no comparable statutory provision delimiting the age at which the court may accept a waiver of indictment by a minor.

The record discloses a written waiver of prosecution by indictment and consent to proceeding by information. The report of proceedings discloses that the court advised the defendant:

> "You have an absolute right to have this matter presented to a grand jury and have an indictment returned, or you can waive a grand jury indictment and consent to prosecution in this way."

In response to the court's query, defendant stated that he wished to waive indictment.

In People v. Bradley, 7 Ill2d 619, 131 NE2d 538, the court considered the constitutionality of the then statute permitting waiver of indictment. The statute, ch 38, § 702 (Ill Rev Stats, 1955) then simply provided for the waiver in open court of prosecution by indictment. While the statute did not, by its terms, require that indictment be "waived understandingly," the court interpreted the then statute in a similar light, as it said:

> "Every accused person still enjoys an absolute right to be prosecuted by indictment. Only if he knowingly waives that right can he be prosecuted by information."

The opinion finds that the defendant:

> ". . . was fully advised by the court of his right to have the grand jury act on the matter before he could be prosecuted. . . ."

The Supreme Court's opinion remarked upon the kinship between the problems involved in the waiver of trial by jury and those involved in the waiver of indictment. In People v. Steenbergen, 31 Ill2d 615, 203 NE2d 404, the Supreme Court spoke of the trial court's duty to

determine whether the defendant knowingly and understandingly had waived his rights to jury trial. There the court had advised the defendant that he had an absolute right to a jury trial and when the defendant replied that he wished to waive a jury trial and signed a written waiver, there was adequate evidence that such waiver was understandingly made.

█ The constitutional provisions with regard to the right to proceedings founded upon indictment are designed to protect the accused in his life and liberty against arbitrary power, oppression and tyranny. People v. Fisher, 340 Ill 250, 172 NE 722; Smith v. U. S., 360 US 1, 3 L Ed2d 1041. The grounds of prejudice alleged as to this defendant are that if there had been proceeding through indictment, the State would have been required to present some evidence and there would have ensued a delay which would have permitted the defendant to reflect upon the charges, with every reason to believe that defendant would have realized that he should have counsel. These are not matters coming within the purview of the concept of the constitutional safeguards provided.

The defendant's argument that the defendant was deprived of constitutional rights through the trial court's acceptance of an unknowing and involuntary waiver of his right to trial by jury is discussed only in the light of a waiver to trial by jury by reason of the plea of guilty. Chapter 38, § 115–1 (Ill Rev Stats, 1963) provides that prosecutions, except on a plea of guilty, shall be tried by the court and jury, or the court when a jury is waived by the defendant in open court. Chapter 38, § 113–5 (Ill Rev Stats, 1963) provides that no person under the age of 18 years shall be permitted to waive trial by jury unless represented by counsel in open court, except where the penalty is by fine only.

The record in this case contains a written waiver of jury signed by the defendant on the date of the arraignment. The report of proceedings discloses that following

the court's statement to the defendant of the maximum penalty for the offense charged, and following the court's statement of the absolute right to proceed through indictment, the court advised the defendant that upon information he could have a trial by jury if he desired, or he could waive the jury and be tried by the court. Thereafter, upon tender of the plea of guilty, the court reiterated the right to a jury trial if desired, pointing out that if found not guilty by the jury he would go free, but that if found guilty by the court or by a jury he would be sentenced as explained. Following such explanation, defendant persisted in his plea of guilty.

The Legislature, having determined the age at which minors may waive trial by jury, and having established the standard to be followed by the trial courts, we cannot, in this case, say that the defendant was deprived of a constitutional right where the record does not disclose coercion, actual misapprehension or misrepresentation by any person in authority.

 Defendant contends that the plea of guilty was not an understanding or informed plea because he was never adequately advised as to the "nature of the acts constituting the offense with which he was charged," so that the trial court did not act in compliance with Supreme Court Rule 26(3) (Ill Rev Stats, 1963) which requires that the defendant be advised of:

> ". . . the nature of the *charge* against him, and the consequences thereof if found guilty. . . ." (Emphasis supplied.)

Considering the language of the Rule, it appears that the noun "nature" connotes and is synonymous with the words *essence, general character, kind* or *sort*. In such sense the language of the Rule does not call upon the trial court to state to the defendant all of the acts which do or may constitute the offense.

 We believe that in determining compliance with Supreme Court Rule 26(3), the court's authority permits

consideration of the total record in determining whether or not there was an understanding of the nature of the charge. People v. Doyle, 20 Ill2d 163, 169 NE2d 250; People v. Baldridge, 19 Ill2d 616, 169 NE2d 353. We distinguish People v. Washington, 5 Ill2d 58, 124 NE2d 890, where the trial court, in accepting the plea of guilty, did not mention the nature of the crime but only made reference to certain counts of the indictment, and People v. Culbert, 69 Ill App2d 162, 215 NE2d 470, where the Supreme Court noted that there had been no attempt by the trial court to advise of the nature of the offense.

Upon the premise that we are authorized to consider the entire record, we note that prior to the colloquy between the court and the defendant, the latter had appeared before the magistrate and had received a copy of the complaint in two counts, one of which alleged that the defendant had compelled a named female to become a prostitute, and one count which charged soliciting a named male for purposes of prostitution. Defendant had a copy of such complaint, together with a list of the witnesses. The record discloses that at the arraignment, or prior thereto, defendant had received a copy of the information charging pandering without compulsion, in one count. In his colloquy with the defendant the trial court referred to the offense as pandering. In response to the court's inquiry, defendant stated that he understood the nature of the charge.

■■■ Defendant relies upon People v. Rice, 383 Ill 584, 50 NE2d 711 and People v. Potter, 5 Ill2d 365, 125 NE2d 510, as holding that charges relating to prostitution in the language of the statute does not adequately describe the act constituting the offense. Such authorities are limited to those instances where there has been a motion to quash. People v. Clark, 1 Ill App2d 250, 117 NE2d 421. Again, it appears that the constitutional right under Art 2, § 9 of the Illinois Constitution, to demand

445

the nature and cause of the accusation, means what it says, that is, a demand exercised through a motion to quash. People v. Williams, 30 Ill2d 125, 196 NE2d 483; People v. Beeftink, 21 Ill2d 282, 171 NE2d 632; People v. Peters, 10 Ill2d 577, 141 NE2d 9.

Neither authorities cited by defendant, nor authorities which we have discovered, require that the provisions of Rule 26(3) mean that the trial court must explain what acts the defendant did to commit the offense. Upon an argument similar to defendant's made in People v. Doyle, 20 Ill2d 163, 169 NE2d 250, the Supreme Court noted that the record must be read in a realistic manner and that the admonishment is sufficient where an ordinary person would understand it.

Defendant's argument that it should be presumed that a plea is unintelligent and without understanding when made by a minor cannot be sustained when the Criminal Code, ch 38, § 113–5 and Rule 26(4) establish the age at which the trial court is authorized to accept a plea of guilty. There is no contention that there was any omission to explain the severe consequences of the plea, or that the plea was persisted in despite the severe prospective incarceration. People v. Baxton, 10 Ill2d 295, 139 NE2d 754.

Our Supreme Court has consistently held that minority does not make it improper to accept a plea of guilty. See People v. Batey, 392 Ill 390, 64 NE2d 875, where the defendant was 15 years of age; People v. Davis, 396 Ill 432, 72 NE2d 193, where the defendant was 16 years of age and without counsel. That opinion holds that there was nothing in the record to show that the plea was not made understandingly and that youth alone does not affect a plea of guilty. See also People v. Donovan, 376 Ill 602, 35 NE2d 54; People v. Sheehan, 407 Ill 545, 95 NE2d 878.

It is further argued that by reason of the fact that the arraignment and sentence occurred within some

48 hours following defendant's arrest, he was denied an opportunity to prepare his defense. In People v. Davis, 396 Ill 432, 72 NE2d 193, the defendant, age 16 years, was arraigned and entered his plea on the day of his arrest. The court held that the mere fact that the defendant was 16 years of age raised no presumption that the court's action was improper, as the important fact disclosed by the record was that the defendant had been fully advised of his right to a jury trial, his right to counsel and the consequences of the plea, and there was nothing in the record to indicate that the defendant was unable to understand or comprehend the nature of the proceedings. To the same effect is People v. Carter, 398 Ill 336, 75 NE2d 861, where a 20-year-old defendant pleaded guilty, and the court held that it must appear from the record that there was an abuse of discretion on the part of the trial court. See also People v. Ross, 400 Ill 237, 79 NE2d 495.

We distinguish this case from People v. Lewis, 413 Ill 116, 108 NE2d 473, where the record of a hearing in aggravation and mitigation disclosed that the defendant was incapable of representing herself by reason of the confusion and incoherence noted by the court, and People v. Evans, 4 Ill2d 211, 122 NE2d 730; and People v. Cox, 12 Ill2d 265, 146 NE2d 19, where facts were presented for consideration on review in the record upon post-conviction hearing.

Defendant urges that even if no single one of the several errors argued heretofore is sufficient to require reversal, still accumulated as a whole, they violate traditional standards of due process, and the case must be reversed. This is a kind of hypothesis proposing that a chain is weaker than its strongest link, a proposition which we are not prepared to defend. We do not believe that this case calls for adopting such a policy.

 It is propounded by defendant that a violation of due process exists if a minor is permitted to waive his

constitutional rights. It must suffice to say that both the Legislature and the Supreme Court, by rule, have stated the public policy upon the matter, and it is not for this court to oust such determinations and hold them for naught.

From an examination of the record we conclude that defendant was advised of his right to the hearing of evidence in aggravation and mitigation and that there was an express waiver thereof within the rule of People v. Harris, 66 Ill App2d 46, 213 NE2d 588, and that there was nothing which might properly be considered the equivalent of a motion for such hearing under the rule of People v. Smith, 62 Ill App2d 73, 210 NE2d 574. Defendant gave a categorical negative to the court's inquiry regarding such a hearing and thereafter, immediately prior to the announcement of the sentence imposed, he advised the court that he had nothing to say. Upon imposition of the sentence and statement of its terms, defendant again advised the court that he had nothing to say concerning the sentence. People v. Muniz, 31 Ill2d 130, 198 NE2d 855. Contrary to the argument presented by counsel, the record does not make it clear that defendant was an apprehensive, uncomprehending, coerced, overawed and callow youth who was appearing in court for the first time. Such conclusion can only be reached by the eager use of inference related to his age alone. Rather, there is, in fact, a statement in the record which suggests some experience with court proceedings including probation. It is patent that a hearing in aggravation and mitigation cannot always be an aid of the defendant, and in some cases a failure to claim the right may be well advised.

We believe, however, that the record does not adequately disclose the exericse of judicial discretion in the fixing of the sentence, as it appears that such sentence was imposed by the trial court solely upon the recommendation of the State's Attorney. By reason of the

nature of the proceedings, the court had heard no evidence and was without knowledge of the offense except as disclosed in the information. Chapter 38, § 1–7 (g) provides that:

"For the purpose of determining sentence to be imposed, the court shall, after conviction, consider the evidence, if any, received upon the trial. . . ."

Chapter 38, § 115–2 (b) provides that:

"Upon acceptance of a plea of guilty the court may hear evidence of the charge."

The Committee Comment upon the latter provision states that the section does not make the hearing of evidence of the charge mandatory, but that § 1–7 (g) makes mandatory the hearing of matters in aggravation and mitigation. This conclusion of the Committee, however, does not seem to be borne out entirely where there has been an express waiver of the hearing in aggravation and mitigation. People v. Harris, 66 Ill App2d 46, 213 NE2d 588; People v. Smith, 62 Ill App2d 73, 210 NE2d 574.

The Criminal Code, ch 38, § 1–7 (e) provides that all sentences to the penitentiary shall be for an indeterminate term and that:

". . . The court in imposing a sentence of imprisonment in the penitentiary *shall determine* the minimum and maximum limits of imprisonment. . . ." (Emphasis supplied.)

The fixing of the sentence is an exercise of judicial discretion. People v. Riley, 376 Ill 364, 33 NE2d 872. In People v. Spann, 20 Ill2d 338, 169 NE2d 781, defendant contended that the trial court committed prejudicial error when it received evidence in aggravation and mitigation after conviction. Reversing a former holding under such circumstances, the court held that the hearing was for the protection of the defendant and

449

society alike, and was aimed at permitting intelligent judicial discretion in the matter of imposing sentence. That opinion cited Williams v. People of State of New York, 337 US 241, 247, 93 L Ed 1337, 1342, to the effect that highly relevant, if not essential, to the selection of an appropriate sentence is the possession of information concerning the defendant and the offense. As stated in People v. Hobbs, 56 Ill App2d 93, 205 NE2d 503, in another context, in fixing an appropriate penalty, the trial court owes a duty to the public as well as to the accused, and should weigh and consider pertinent facts, including the nature of the offense and the attending circumstances.

In People v. Rummerfield, 4 Ill2d 29, 122 NE2d 170, it was held that where the defendant had waived the hearing in aggravation and mitigation, the court may substitute some other method of obtaining the necessary information, and upon its own motion the facts of the case were outlined to the court. In People v. Wakeland, 15 Ill2d 265, 154 NE2d 245, the court heard statements from counsel which, upon inquiry, the defendant affirmed. In People v. Muniz, 31 Ill2d 130, 198 NE2d 855, the court heard statements of counsel and defendant was asked if he had anything to say.

 Upon the record before us in this case, the recommendation of an Assistant State's Attorney was the sole factor before the court as it determined the quantum of sentence, and we conclude that there were no facts before the court upon which there could be an exercise of judicial discretion in the matter of sentence.

 By reason of the premise, the judgment of conviction is affirmed, but the cause is remanded with directions to vacate the sentence and to ascertain, as a matter of record, such facts as will permit the court to determine the sentence upon matters properly before him. People v. Harris, 66 Ill App2d 46, 213 NE2d 588; People v. Smith, 62 Ill App2d 73, 210 NE2d 574.

This court would be greatly remiss if it failed to note that acting upon information then available to them, four attorneys of the Champaign County Bar volunteered to act in defendant's behalf, presenting post-trial motions and initiating this appeal. This demonstration of a high sense of professional responsibility requires recognition and commendation.

The judgment of conviction is affirmed, but the cause is remanded with directions to vacate the sentence and for such further proceedings as are not inconsistent herewith.

Conviction affirmed, but remanded with directions as to sentence.

CRAVEN, P. J. and SMITH, J., concur.