THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY GREEN, Defendant-Appellant.

First District (1st Division)   No. 1—86—3107

Opinion filed October 23, 1989.

Paul P. Biebel, Jr., Public Defender, of Chicago (Sharon M. Shapiro and Aaron L. Meyers, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, Jerry D. Bischoff, and Elizabeth L. Rivera, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CAMPBELL delivered the opinion of the court:

Defendant Larry Green was tried *in absentia* and convicted by a jury of armed robbery and sentenced to eight years' imprisonment. Defendant appeals from the conviction, contending: (1) that his conviction must be reversed since he was not admonished in person that he could be tried *in absentia*; (2) that the prosecutor's comments on defendant's absence during closing and rebuttal arguments were improper; and (3) that the State failed to prove him guilty beyond a reasonable doubt.

The evidence presented at trial revealed the following facts. Rawfik Yasin was the owner of a grocery store in Chicago. On October 22, 1985, at approximately 7:30 p.m. he was in his store standing by the cash register which was near the front door. James Scott, an employee, and Yasin's brother, Tawfik Yasin, were in the rear of the store. Three men entered the store, and one man pointed a gun at Rawfik and pulled him from behind the counter, while the other two men went to the rear of the store. Rawfik was pulled to the rear of the store, where he and Scott were handcuffed to a meat grinder. Defendant stated several times that "I should pop one of you." One man pointed a gun at Rawfik and Scott while another assailant searched the men and took their wallets and money from their pockets. When Tawfik came out of the bathroom, defendant ordered him to open the cash register. Rawfik opened the cash register and also pressed the police alarm button. Both cash as well as lottery tickets were taken, and the three men left the store. Shortly thereafter police officers caught defendant and brought him back to the store,

where the victims identified him.

Defendant was arrested and later released on bond. He failed to appear for trial set for July 7, 1986. The trial was continued to July 8, 1986, at which time he also failed to appear and a warrant was issued for his arrest. A certified letter was mailed to defendant informing him of his upcoming trial date of August 11, 1986, but he alleged he never received it. On August 11, 1986, defendant again failed to appear for trial, and he was tried by a jury *in absentia* and convicted of armed robbery. Defendant was identified by an in-court photograph as one of the assailants.

Defendant first contends that his conviction must be reversed since he was not admonished in person that he could be tried *in absentia*. Defendant further contends that notification of the upcoming trial date by certified mail did not cure the defective admonition. At oral argument in this matter, the State's position was that the defendant had not furnished this court with a complete record, and therefore, defendant could not prevail in his argument that he was not adequately warned. Subsequent to oral argument, the defendant has supplemented the record on two occasions, and the State concedes that it believes the record is now complete and that the defendant was not given trial *in absentia* warnings.

The statute governing a defendant's admonishment provides that where a defendant pleads not guilty, the court shall

> "advise him at that time or at any later court date on which he was present that if he escapes from custody or is released on bond and fails to appear in court when required by the court that his failure to appear would constitute a waiver of his right to confront the witnesses against him and trial could proceed in his absence." Ill. Rev. Stat. 1987, ch. 38, par. 113—4(e).

■ ■ There is no question but that a criminal trial may be conducted in the defendant's absence without violating his constitutional rights. (*People v. Collins* (1982), 109 Ill. App. 3d 1076, 441 N.E.2d 935; *People v. Powell* (1981), 95 Ill. App. 3d 93, 419 N.E.2d 708.) The legislative scheme providing for trial *in absentia* is designed to insure that such a trial is not held unless the defendant has made a valid waiver of his right to be present at trial and to confront the witnesses against him. (Ill. Rev. Stat. 1987, ch. 38, par. 113—4(e).) The statute unambiguously provides that the trial court shall advise a defendant who pleads not guilty, at the time he enters the plea or at a later time, on which he is present in court, that his failure to appear is a waiver of his right to confront witnesses and that the trial court will proceed in the defendant's absence. (*People v. Burns* (1983), 117 Ill.

App. 3d 123, 453 N.E.2d 21.) The section 113—4(e) admonishment is a prophylactic measure which is designed both to dissuade defendants from absconding at any time, before or after trial, and to provide for a formal waiver of their right to be present. (*People v. Partee* (1988), 125 Ill. 2d 24, 530 N.E.2d 460.) In *Partee*, the supreme court has most recently held that the statutory requirement for trial *in absentia* that the defendant pleading not guilty be advised of the section 113—4(e) admonishment applies even in the case of a defendant who flees during trial as opposed to prior to trial. The court cited the long-standing principle that courts should abhor trial *in absentia* because of its inherent unfairness to a defendant. (See *People v. Davis* (1968), 39 Ill. 2d 325, 235 N.E.2d 634; *People v. Evans* (1961), 21 Ill. 2d 403, 172 N.E.2d 799.) The State here has conceded that it has found no reference in the record to support an argument that the defendant was ever admonished pursuant to section 113—4(e) and, therefore, we hold that there was a failure to comply with the statute.

■ The State argues that this court could construe that the defendant was warned since the bond slip signed by the defendant contained a printed notice warning of the possibility that his trial could be held *in absentia*. The right to be present at trial is of constitutional dimension and can only be waived by a defendant himself. (*Snyder v. Massachusetts* (1934), 291 U.S. 97, 78 L. Ed. 674, 54 S. Ct. 330.) In *People v. Watson* (1982), 109 Ill. App. 3d 880, 441 N.E.2d 152, on a theory of plain error, this court reversed and remanded a conviction where the defendant failed to receive in-court oral admonishments from the trial judge concerning trial *in absentia*. That holding was reiterated by this court in the subsequent case of *People v. Broyld* (1986), 146 Ill. App. 3d 693, 497 N.E.2d 147, where the court agreed with the *Watson* requirement that the defendant must be admonished personally and in court about trial *in absentia*. Since the case law is clear that the defendant must be orally warned in person, and courts have given strict construction to this statute (*Lester* (1988), 165 Ill. App. 3d 1056, 519 N.E.2d 1127; *Watson* (1982), 109 Ill. App. 3d 880, 441 N.E.2d 152), the State's argument that the bond slips provided an adequate warning is without merit.

■ Some confusion does arise in the instant case since, when the State raised the issue as to whether a hearing should be held as to why the court was proceeding *in absentia*, the trial judge stated:

"I don't think the defendant is ever in agreement with the trial *in absentia*, but we have fulfilled their obligation as far as the statute is concerned. The cases that have been sent down say when the defendant—when he's allowed out on bond, as I read

the statute, it says a defendant who is in custody and escapes or a defendant out on bond can be tried *in absentia*. He's warned of that. This defendant was warned of that. The record is clear. He was warned about the trial *in absentia*."

Further, the defendant does not contest that there was compliance with the statutory provision providing that the clerk of the court shall send to the defendant notice by certified mail at his last known address of the new date which has been set for trial. (Ill. Rev. Stat. 1987, ch. 38, par. 115—4.1(a).) However, proof of compliance with section 115—4.1(a) alone is not sufficient to cure a defective admonition under section 113—4(e). Although sections 113—4(e) and 115—4.1(a) complement each other, they serve different purposes. Section 113—4(e) provides the substantive basis upon which it may be established that a defendant is informed of and understands his rights. Section 115—4.1(a) sets forth the procedural framework with which a defendant is provided a final opportunity to appear for trial. (See *People v. Lester* (1988), 165 Ill. App. 3d 1056, 519 N.E.2d 1127.) Regardless of the statement by the trial judge, a thorough review of the record fails to reveal that defendant was ever orally warned by the trial judge as a prerequisite to trial *in absentia*. Since section 113—4(e) unambiguously requires oral admonishments and there is no basis in the record to show that this requirement was met in the instant case, there was not sufficient compliance with the statute. Therefore, we reverse defendant's conviction and remand this matter for a new trial.

Since this case must be remanded for a new trial, we find it unnecessary to address defendant's remaining contentions of error on appeal. We note, however, that we believe the evidence presented at trial was sufficient to conclude that the defendant was guilty beyond a reasonable doubt. We do not mean we are making a finding as to the defendant's guilt or innocence which would be binding on retrial, but, rather, our consideration of the sufficiency of the evidence admitted at trial will remove the risk of subjecting the defendant to double jeopardy. *People v. Taylor* (1979), 76 Ill. 2d 289, 391 N.E.2d 366.

For the reasons stated, the judgment of the circuit court is reversed and this cause is remanded for a new trial.

Reversed and remanded.

BUCKLEY and O'CONNOR, JJ., concur.