THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CARLOS A. MARTINEZ, Defendant-Appellant.

Second District   No. 2—01—0891

Opinion filed October 19, 2005.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, for appellant.

John A. Barsanti, State's Attorney, of St. Charles (Stephen E. Norris and Rebecca E. McCormick, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KAPALA delivered the opinion of the court:

Defendant, Carlos A. Martinez, appeals his conviction on three counts of predatory criminal sexual assault of a child (720 ILCS 5/12—14.1(a) (West 2000)) and one count of aggravated battery (720 ILCS 5/12—4(b)(8), 12—3(a)(2) (West 2000)). He also appeals his sentence of 12 years' imprisonment for predatory criminal sexual assault of a child and 3 years' imprisonment for aggravated battery, the terms to be served consecutively. We ordered the office of the State Appellate Defender to submit a brief discussing what effect the gaps in the record (caused by a court reporter's loss of the notes of the proceed-

ings affecting the propriety of defendant's *in absentia* trial) should have on our review of this case. Because we hold that defendant had a meaningful opportunity to supplement the record with a bystander's report, we conclude that the standard presumption that the trial court acted properly applies. As the only nonfrivolous issues relate to the gaps in the record, we affirm defendant's conviction and sentence.

Defendant was charged by indictment with four counts of predatory criminal sexual assault of a child and one count of aggravated battery. According to a form order, he was arraigned on March 24, 2000, he pleaded not guilty, and the court admonished him, among other things, that he could be tried or sentenced *in absentia* if he did not appear for his trial or sentencing. No transcript exists of that hearing. On February 9, 2001, according to another form order, the court set a trial date of April 30, 2001. Also according to the order, a court reporter was present at the February 9, 2001, hearing, and defendant was present in open court. However, the record does not contain a transcript of the proceedings, and the parties have been unable to obtain it, despite this court's order to supplement the record. On April 30, 2001, defendant's attorney told the trial court that he had lost contact with defendant. The court found defendant's absence to be willful. It noted the order stating that defendant was present on February 9, 2001, and ordered him tried *in absentia.*

At trial, the victim's mother testified that she sent defendant in her car to pick up her daughter (who was then younger than 13 years old) at a family member's house. Seeing her car parked near Dumpsters behind a gas station, she went to investigate. She found defendant and the victim, both undressed from the waist down, in the backseat of the car, with defendant lying on top of the victim. She began hitting defendant, but he succeeded in dressing and driving away with the victim. After following the two to her house, she again struggled with defendant. She told her son to call the police and continued to restrain defendant. She received many bites to her arm, some of which may have broken the skin. The victim's testimony confirmed the sexual assault her mother described. However, the victim also testified that defendant had sexual contact with her on two previous occasions. DNA evidence confirmed the presence of defendant's sperm on the underpants the victim wore the day her mother found her with defendant in the car.

The jury found defendant guilty of three counts of predatory criminal sexual assault of a child (the State having nol-prossed one count) and of the one count of aggravated battery. The clerk mailed defendant notice of the sentencing hearing, set for June 29, 2001, and he again did not appear. The court sentenced defendant to 10 years'

imprisonment for the sexual assault conviction and 3 years for the battery conviction. Defendant's attorney filed a posttrial motion arguing, *inter alia*, that the court had erred in allowing a trial *in absentia*. It did not, however, specify how this was error.

The clerk filed a notice of appeal and the court appointed the appellate defender. The appellate defender filed a motion for a summary remand, arguing that the record did not show that the court had properly admonished defendant regarding trial *in absentia*. This court denied the motion because, although the record was incomplete, the common-law record indicated that the court had admonished defendant. The appellate defender then moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), and *People v. Jones*, 38 Ill. 2d 384 (1967). We denied the motion and ordered the appellate defender to consider whether *People v. Stark*, 33 Ill. 2d 616 (1966), would force this court to presume that the trial court had failed to comply with procedures for trial *in absentia*. We hold that it does not.

Our review of this matter is *de novo*, because every issue involved is one of law. See *People v. Carlson*, 185 Ill. 2d 546, 551 (1999).

■ Our concern here is quite limited. The common-law record indicates that the trial court admonished defendant regarding the possibility of an *in absentia* trial and that he was present in open court at the hearing at which the court set his trial date. We find it disturbing that the parties were unable to obtain reports of proceedings for those days. However, we must presume that the common-law record is correct. *People v. Durr*, 215 Ill. 2d 283, 306 (2005). It is only where a *conflict* exists between the common-law record and the reports of proceedings that we may find it necessary to give the reports of proceedings precedence. See *Durr*, 215 Ill. 2d at 306. We thus assume that defendant was correctly admonished regarding trial *in absentia* and that he was present in open court at the hearing at which the court set his trial date.

This, however, contrary to what the parties seem to have assumed, does not end the inquiry. The record is silent on a critical point. Under this court's holding in *People v. Ramirez*, 344 Ill. App. 3d 296 (2003), *aff'd*, 214 Ill. 2d 176 (2005), and perhaps more obviously under *People v. Watson*, 109 Ill. App. 3d 880, 883 (1982), which this court followed in *Ramirez*, it is not enough for a defendant to be present at a hearing at which the trial date is *set*. The trial date must be *announced* in open court. The record here is silent regarding whether that happened.

■ Section 115—4.1 of the Code of Criminal Procedure of 1963 (Code) provides:

"The court may set the case for a trial which may be conducted under this Section [concerning trial *in absentia*] despite the failure of the defendant to appear at the hearing at which the trial date is set. When such trial date is set the clerk shall send to the defendant, by certified mail at his last known address indicated on his bond slip, notice of the new date which has been set for trial. Such notification shall be required when the defendant was not personally present in open court at the time when the case was set for trial." 725 ILCS 5/115—4.1(a) (West 2000).

Trouble has arisen with this provision when a trial court, instead of specifically setting a trial date, tells the parties to pick a date within a particular period. In *Ramirez*, the trial court told the parties to " 'Set [the trial] for March,' " but never announced the specific date. *Ramirez*, 344 Ill. App. 3d at 300. We held that that was insufficient to avoid the need to notify the defendant of the trial date by certified mail. *Ramirez*, 344 Ill. App. 3d at 300. The record here does not tell us whether anyone announced the trial date in open court. We ordered the parties to supplement the record with the report of proceedings from the day the court set the trial date. They were unable to do so, apparently because the court reporter could not find the relevant notes.

Because of this gap in the record, we asked the parties to consider whether the rule in *Stark* would apply to shift the presumption that the trial court acted correctly. *Stark* held that, where a report of proceedings providing evidence critical to review of the case is absent because the court reporter lost the record, the presumption that the court acted properly is inapplicable. *Stark*, 33 Ill. 2d at 620-21. However, our own research convinces us that *Stark* is inapplicable where, as here, the defendant could have supplemented the record with a bystander's report.

We think that it is clear that the reasoning that underlies *Stark* is applicable only when a defendant has no alternative to a regular report of proceedings. That reasoning is most explicit in *People v. Couvion*, 33 Ill. 2d 408 (1965), on which *Stark* relied:

"We are not unmindful of the general rule that 'all reasonable intendments not contradicted by the record are to be taken in favor of the validity of the judgment [citations], and that he who seeks a reversal *** assumes the burden of showing the illegality of the proceeding which resulted in the judgment against him.' [Citation.] However, defendant's inability to affirmatively establish that the trial court did not orally supplement its written notice does not warrant a presumption that the court did so where the absence of a statutorily required transcript renders it impossible for defendant to prove the contrary." *Couvion*, 33 Ill. 2d at 411, quoting *People v. Wilson*, 399 Ill. 437, 447 (1948).

■ Before 1967 (except in appeals from cases assignable to magistrates), the only substitute for a regular report of proceedings allowed by the supreme court rules was an agreed statement of facts. See 166 Ill. 2d R. 323, Committee Comments (concerning the derivation of Rule 323(c), which allows for bystanders' reports, from former Supreme Court Rule 36—1(3)(c), which was applicable only in cases assignable to magistrates); 7 Ill. 2d R. 36 (providing only for agreed statements of facts). Now, Supreme Court Rule 323(c) (166 Ill. 2d R. 323(c)), made applicable to criminal appeals by Supreme Court Rule 612(c) (177 Ill. 2d R. 612(c)), allows a party to prepare a proposed report of proceedings from "the best available sources, including recollection," and to have it certified by the court. Thus, it is no longer the case that "the absence of a statutorily required transcript renders it impossible for defendant to prove [the court's error]" (*Couvion*, 33 Ill. 2d at 411). See *People v. Cunningham*, 309 Ill. App. 3d 824, 830 (1999) (holding *Stark* inapplicable when defendant submitted a bystander's report). Given this change, we hold that *Stark* and *Couvion* are inapplicable, at least absent some circumstance that makes the filing of a bystander's report impractical, and there has been no such showing by defendant in this case.

Here, although practical obstacles stood in the way of defendant's filing a bystander's report, they were not insurmountable. Although years passed before the gaps in the record became fully apparent, the appellate defender could have contacted the attorneys, court personnel, or other persons present in the courtroom and used their recollections in drafting a proposed report of proceedings as is contemplated under Rule 323(c). Moreover, had the appellate defender drafted a proposed report of proceedings based on whatever information was available to him and served it on the State, the State would have been afforded the opportunity to provide proposed amendments or an alternative proposed report of proceedings. See 166 Ill. 2d R. 323(c). In addition, had the trial court been called upon to settle and certify an accurate report of proceedings as is contemplated by Rule 323(c), the trial judge would have been permitted to rely on his own recollection of, and any notes he made on, February 9, 2001. See *In re Dawn H.*, 281 Ill. App. 3d 746, 753 (1996) (after finding reports submitted by parties to be inadequate in some respects, trial court prepared report based on, *inter alia*, the court's own recollections and notes from the date of the missing court proceedings). We are not aware of any attempt by the appellate defender to comply with the procedures outlined in Rule 323(c).

■ We note that *People v. Ramos*, 295 Ill. App. 3d 522 (1998), a post-Rule 323(c) case that nevertheless followed *Stark*, is doubly

distinguishable from this case. First, in *Ramos*, the court never considered the effect of the availability of bystanders' reports on the applicability of *Stark*. Second, even if it had considered it, the result might have nevertheless been the same, as the circumstances there would have made preparation of a bystander's report exceptionally difficult. Not only was the appeal delayed for years, but the court reporter was unable to locate notes for the *entire trial*. *Ramos*, 295 Ill. App. 3d at 526-27. We believe, despite the passage of years, that the law can realistically expect a defendant to attempt to produce a bystander's report for an isolated hearing at which the court took only a few actions. However, we think it unlikely that the same could be said for an entire trial. Obviously, it is far preferable that the court reporter retain proper records, but the use of a bystander's report allows a defendant to remedy gaps in the record without getting a windfall from the court reporter's error.

For the reasons given, we affirm the judgment of the circuit court of Kane County.

Affirmed.

O'MALLEY, P.J., and CALLUM, J., concur.