FIFTH DIVISION
DECEMBER 18, 2009

No. 1-07-3378

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 06 CR 9476 |
| JOHNNY MACON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | Honorable |
| | ) | Charles P. Burns, |
| | ) | Judge Presiding. |

JUSTICE TULLY delivered the opinion of the court.

Following a jury trial, defendant Johnny Macon was convicted of aggravated criminal sexual abuse by use of force or threat of force and was sentenced to six years' imprisonment. On appeal defendant contends that the trial court improperly denied his motion to dismiss the indictment for failing to file within the statute of limitations. Defendant also contends that the State failed to provide sufficient evidence necessary to convict defendant of aggravated criminal sexual abuse by use of force or threat of force .

The following evidence was adduced at trial. On May 19, 2002, defendant spent the night at victim T.S.'s home. Defendant was T.S.'s mother's boyfriend in May of 2002 and he had been for about two years. At that time T.S. and her sister, Tarhonda, shared a bedroom. Between 3

and 6 a.m. the next morning, defendant came into her bedroom and whispered in her ear to come with him to the living room and told her to lie down. Then, while laying on top of T.S. , he tried to force his penis into her vagina while she tried to push him off. Tarhonda was awakened, went into the living room and saw defendant "going back and forth" while lying on top of T.S.. Tarhonda corroborated T.S.'s testimony at trial. Later that day T.S.'s mother, Sherron Brown, asked her son to call the police.

On May 20, 2002, T.S. was interviewed by the Chicago police department and reported that she had been sexually assaulted by her mother's boyfriend. After initially interviewing the victim and her family, investigating police detective Joseph Agosta began to search for defendant. On May 24, 2002, he went to defendant's parents' home, which was defendant's last known address. No one answered the door and the detective did not return to that location again. Defendant was not located by the police until 2006 although he had resided at his parents' home until 2003. On June 17, 2002, Detective Agosta filed a complaint for preliminary investigation. Thereafter a judge issued a warrant for defendant's arrest. No other action was taken until March 31, 2006, when defendant was arrested. On April 20, 2006, an indictment was filed against defendant for criminal sexual assault occurring on May 20, 2002. On December 1, 2006, defendant filed a pretrial motion attacking the indictment, alleging that it was returned outside the statute of limitations. The motion was denied. On November 11, 2007, following the trial, the court denied defendant's motion to vacate the verdict due to a statute of limitations violation. Defendant timely appeals.

The defendant appeals the denial of the motion to dismiss the indictment and contends

the indictment on its face is defective because it was filed after the statute of limitations had expired. Defendant further contends that if the State had intended to raise any exception to the statute of limitation, the grounds to apply the exception must be alleged in the indictment.

Because review of a trial court's denial of defendant's motion to dismiss the indictment based on the violation of the statute of limitations involves a legal issue, we review *de novo*. People v. Mann, 341 Ill. App. 3d 832, 836 (2003).

The statute of limitations in Illinois requires that, unless specifically provided for elsewhere, a defendant be prosecuted for any felony offense within three years of the commission of that offense. 720 ILCS 5/3--5(b) (West 2002). The felony offense defendant was convicted of does not provide for an exception to the statute of limitations. Therefore, in the instant case the pertinent question for the court to determine is what constitutes the prosecution of an offense when that offense is a felony. The legislature has defined the term "prosecution" to mean "all legal proceedings by which a person's liability for an offense is determined, commencing with the return of the indictment or the issuance of the information." 720 ILCS 5/2--16 (West 2002). Furthermore, "a prosecution may be commenced by: (a) A complaint; (b) An information; or (c) An indictment." 725 ILCS 5/111--1 (West 2002). The legislature also distinguished between the prosecution of a felony and other offenses, providing in part: "All prosecutions of felonies shall be by information or by indictment. No prosecution may be pursued by information unless a preliminary hearing has been held or waived ***, " while "[a]ll other prosecutions may be by indictment, information or complaint." 725 ILCS 5/111--2(a), (b) (West 2002).

In response to defendant's contention, the State maintains that the filing of the complaint

1-07-3378

for preliminary examination and the issuance of an arrest warrant tolled the statute of limitations. It argues that the prosecution of this offense was commenced upon initiation of adversarial proceedings. In support, the State first notes that Kirby v. Illinois, 406 U.S. 682, 689, 32 L. Ed. 2d 411, 417, 92 S. Ct. 1877, 1882 (1972), established that in determining when the sixth amendment right to counsel attaches, adversarial proceedings must be initiated by way of formal charge, preliminary hearing, indictment, information or arraignment. Kirby v. Illinois, 406 U.S. at 689, 9 32 L. Ed. 2d at 417, 92 S. Ct. at 1882. Additionally, the State argues that People v. Curtis, 132 Ill. App. 3d 241 (1985), is helpful in determining when adversarial proceedings are initiated. Curtis holds that the initiation of adversarial proceedings triggers the accused's sixth amendment right to counsel and this occurs when the State files a felony complaint in circuit court. Curtis, 132 Ill. App. 3d at 247. After Curtis the courts further narrowed when the right to counsel would attach, requiring significant prosecutorial involvement in initiating adversarial proceedings. People v. Young, 153 Ill. 2d 383, 404-05 (1992). A complaint could only be an initiation of adversarial proceedings affording a right to counsel if the complaint were filed by the State's Attorney. People v. Garrett, 179 Ill. 2d 239, 250 (1997). The courts were evaluating the question based upon the actions of the State by looking at what documents had been filed rather than looking at what was occurring at certain stages in the prosecutorial process that would require the accused be represented by an attorney. The right to counsel is a protection that has most recently been revisited by the United States Supreme Court in Rothgery v. Gillespie County, 554 U.S. __, 171 L. Ed. 2d 366, 128 S. Ct. 2578 (2008). The Supreme Court held that the right to counsel attaches when the accused is brought before a judicial officer and is told of

4

1-07-3378

the formal accusation against him and his liberty is subject to restriction. Rothgery, 554 U.S. at __, 171 L. Ed. 2d at 374-75, 383, 128 S.Ct. at 2583, 2592. The court in Rothgery specifically rejects the argument that right to counsel is invoked upon the filing of formal documents or upon the direct involvement of a prosecutor. Rothgery, 554 U.S. at ___, 171 L. Ed. 2d at 381, 128 S. Ct. at 2590.

The State argues that the same reasoning used in those cases applies to statute of limitations cases in order to determine when the State has commenced prosecution, thereby tolling the statute. In the instant case a complaint for preliminary examination was filed prior to the expiration of the statute. Consequently, the State maintains the indictment was not deficient and, accordingly, it was not required to plead any grounds that would have extended or suspended the statute of limitations.

We believe the State's argument that the tolling of the statute of limitations is analogous to when the right to counsel is invoked is wrong. The sixth amendment right to counsel is not akin to the tolling of the statute of limitations. Rothgery holds the right to counsel is triggered by the initiation of adversarial proceedings. Rothgery, 554 U.S. at __, 171 L. Ed. 2d at 383, 128 S. Ct. at 2592. The statute of limitations is tolled when the State commences prosecution. 725 ILCS 5/111--1 (West 2002). However, what commences prosecution in tolling the statute of limitations is not analogous to what initiates adversarial proceedings for right to counsel purposes. The tolling of the statute of limitations occurs when the State commences prosecution, and the attachment of right to counsel occurs when the State initiates adversarial proceedings. Although both of these occasions occur at the earlier stage of criminal proceedings and they

5

appear as though they may be the same, they are not.

The purpose of providing limitations periods for offenses is to minimize the danger of punishment for conduct that occurred in the distant past, to encourage the State to be diligent in its investigation and to provide the trier of fact with evidence that is fresh and not distorted or diluted by the passage of time. People v. Berg, 277 Ill. App. 3d 549, 552-53 (1996), citing People v. Gouveia, 467 U.S. 180, 191-92, 81 L. Ed. 2d 146, 156, 104 S. Ct. 2292, 2299 (1984). The Court in Rothgery raises the distinction between the sixth amendment right to counsel and fifth amendment protections, including statutes of limitations. Rothgery noted that the two protections address different concerns. Delay in criminal prosecutions is not meant to be prevented by affording the accused counsel. Statutes of limitations protect against delay in prosecution. Rothgery, 554 U.S. at ___, 171 L. Ed. 2d at 381, 128 S. Ct. at 2590, citing Gouveia, 467 U.S. at 191-92, 81 L. Ed. 2d at 156, 104 S. Ct. at 2299. If we do as the State recommends and apply the reasoning used in right to counsel cases to statute of limitations cases, the only way for the State to stop the clock on the statute is when the accused is in custody and is brought before a judge or some judicial official. Even if we did apply the right to counsel standard to statute of limitations cases, in this case the statute would not have been met. Rothgery would require the statute is tolled only when the accused is brought before a judicial officer. This did not occur until some time after defendant's arrest on March 31, 2006, ten months after the expiration of the statute.

Contrary to the State's position, we can rely entirely on the statute itself in order to determine when the statute was tolled. It is not necessary to look to case law for guidance on this

1-07-3378

question. Assistance in construing legislation should not be sought when the statute itself is clear and unambiguous. Berg, 277 Ill. App. 3d at 552, citing People v. Boykin, 94 Ill. 2d 138, 141 (1983). This court need not read beyond the plain language of the statute to understand that the statute requires the State to file an indictment or information to toll the statute. Berg, 277 Ill. App. 3d at 552. The prosecution of a felony requires the State to file an information or indictment. 725 ILCS 5/111--2(a) (West 2002). The statute further provides all other offenses may be prosecuted by indictment, information or complaint. 725 ILCS 5/111–2(b) (West 2002). A complaint alleging a felony does not commence a prosecution for statute of limitations purposes. Mann, 341 Ill. App. 3d at 840. The date the indictment is filed or the information is found is the commencement of a felony prosecution and only this stops the running of the statute of limitations. People v. Herndon, 105 Ill. App. 3d 167, 169 (1982).

In Herndon the issue was whether the felony prosecution against the defendant was barred by the statute of limitations. Herndon, 105 Ill. App. 3d at 167. In Herndon, as in the instant case, the statute of limitations required the State to commence the prosecution of a felony within three years of the date the offense was committed. See Ill. Rev. Stat. 1979, ch. 38, par. 3--5(b) now see 720 ILCS 5/3–5(b) (West 2002). None of the pertinent language of the legislation has changed. In that case a complaint was filed on April 25, 1980, charging felony theft from a period of June of 1976 through June of 1977. A grand jury returned an indictment on July 7, 1980, charging the defendant with the same offense. On July 25, 1980, defendant was arraigned and a public defender was appointed. Defendant moved to dismiss the indictment because the dates alleged in the indictment caused the indictment to be outside the statute of limitations.

7

1-07-3378

Herndon, 105 Ill. App. 3d at 169. The defendant's motion to dismiss was granted and the State appealed. The State argued that the filing of the complaint commenced prosecution of the felony for purposes of the statute of limitations. This court held that the trial court properly dismissed the charge because the felony theft charge was barred by the statute of limitations. Herndon, 105 Ill. App. 3d at 169. The indictment was returned July 7, 1980, and the three-year period of limitations expired in June of 1980. This court specifically rejected the State's argument that the filing of the complaint tolled the statute of limitations. "Because an information or indictment was necessary to charge defendant with the felony offense, the complaint did not commence the prosecution." Herndon, 105 Ill. App. 3d at 169. When the indictment is filed beyond the statute of limitations prosecution of the offense is barred. Herndon, 105 Ill. App. 3d at 169-70.

In the instant case the offense was committed on May 20, 2002. Officer Agosta filed the complaint for preliminary investigation on June 17, 2002, and an arrest warrant was issued on June 17, 2002. Another complaint for preliminary examination was filed on April 2, 2006, and the indictment was filed on April 20, 2006. However, the statute of limitations had expired on May 20, 2005, rendering the indictment defective on its face by 11 months. See People v. Strait, 72 Ill. 2d 503, 506 (1978). As discussed above, an information or indictment was necessary to commence prosecution. See 725 ILCS 5/111--2(a) (West 2002). Therefore, a complaint for preliminary examination and the issuance of a warrant is not sufficient to meet the statutory requirement of a commencement of prosecution for the statute of limitations to toll. Accordingly, the ruling on December 1, 2006, denying defendant's motion to dismiss is reversed.

An indictment is facially deficient when it is filed after the statute of limitations has

8

expired. Strait, 72 Ill. 2d 503 at 506. The State can remedy this by refiling the indictment and including the facts which give rise to an exception in the statute. Strait, 72 Ill. 2d at 506. The statute of limitations can be extended in very specific situations. See 720 ILCS 5/3--6 (West 2002). In addition, periods of time can be excluded from the tolling of the statute. See 720 ILCS 5/3--7 (West 2002). The statute in this case can be extended because the victim reported the sexual abuse within three years after the commission of the offense. See 720 ILCS 5/3--6(i) (West 2002). Additionally, here the victim was under the age of 18 at the time of the offense and this also extends the statute. See 720 ILCS 5/3--6(j) (West 2002). Finally, any period of time during which this case is being prosecuted will suspend the statute of limitations. See 720 ILCS 5/3–7(c) (West 2002). The statute itself, however, is not self-executing and therefore the State bears the burden of proving that those exceptions should apply. The State must allege the circumstances of that exception on the face of the indictment (Strait, 72 Ill. 2d at 505-06; People v. Steinmann, 57 Ill. App. 3d 887 (1978)), and indicate the specific facts and the specific exception that would suspend the statute (People v. Pacheco, 338 Ill. App. 3d 616, 618 (2003)).

Our ruling on the issue of the statute of limitations is dispositive of the case. However, we are bound to address the double jeopardy implications of reversing the trial court. As discussed, the State can repair the indictment by asserting facts that would suspend or extend the statute of limitations and, consequently, there is a potential for double jeopardy to attach. The double jeopardy clause prohibits retrial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to present in the first proceeding. Burks v. United States, 437 U.S. 1, 11, 57 L. Ed. 2d 1, 9, 98 S. Ct. 2141, 2147,(1978). It does not, however, preclude retrial

1-07-3378

where a conviction has been set aside because of an error in the proceedings leading to the conviction. People v. Mink, 141 Ill. 2d 163, 173-74 (1990). Therefore, to prevent the risk of exposing defendant to double jeopardy we must also consider whether the State presented sufficient evidence to prove defendant guilty beyond a reasonable doubt. See People v. Gargani, 371 Ill. App. 3d 729, 737 (2007); People v. Morris, 135 Ill. 2d 540, 549-51 (1990). Because the State may reindict and retry defendant, double jeopardy requires the appellate court to rule upon defendant's sufficiency of the evidence claim. People v. Taylor, 76 Ill. 2d 289, 309 (1979).

The appropriate standard of review in ruling on sufficiency of the evidence is whether, after reviewing the evidence in a light more favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. People v. Brooks, 187 Ill. 2d 91, 132 (1999). In addition, the positive and credible testimony of a single witness is sufficient to convict. People v. Kolton, 347 Ill. App. 3d 142 (2004).

Upon careful and thorough review of the record in the light more favorable to the State, this court finds the evidence is sufficient to support the jury's verdict of guilty beyond a reasonable doubt. However, this determination is not binding on retrial and is not intended to express an opinion concerning defendant's guilt or innocence.

For all the reasons cited herein, the judgment of the circuit court of Cook County is reversed.

Reversed.

TOOMIN, P.J. and FITZGERALD SMITH, J., concur.

10

PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

JOHNNY MACON,

Defendant-Appellant.

No. 1-07-3378

Appellate Court of Illinois
First District, Fifth Division

JUSTICE TULLY delivered the opinion of the court:

TOOMIN, P.J., and, FITZGERALD SMITH, J., concur.

Appeal from the Circuit Court of Cook County

HONORABLE CHARLES P. BURNS

Michael J. Pelletier, State Appellate Defender, Thomas Lilien Deputy Defender, Sherry R. Silvern, Assistant Appellate Defender, Office of the State Appellate Defender, 2010 Larkin Avenue, of Elgin, Illinois for Plaintiff-Appellee.

Anita Alvarez, State's Attorney of Cook County, James E. Fitzgerald Miles J. Keleher, Kelly Whalen, Assistant State's Attorneys, Of Counsel, 500 Richard J. Daley Center, Room 309, of Chicago, Illinois for Defendant-Appellant.