# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Lane*, 2011 IL App (3d) 080858

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHAD M. LANE, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3–08–0858 |
| Filed | July 18, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court erred in trying defendant *in absentia* for predatory criminal sexual assault and aggravated criminal sexual abuse where defendant was not given the admonishments as to a trial *in absentia* on the date that defendant's plea of not guilty was entered or on any later date after the plea when defendant was present, as required by section 113–4(e) of the Code of Criminal Procedure. |
| Decision Under Review | Appeal from the Circuit Court of Tazewell County, No. 07–CF–661; the Hon. Richard D. McCoy, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on Appeal      Kerry J. Bryson (argued), of State Appellate Defender's Office, of Ottawa, for appellant.

Stewart Umholtz, State's Attorney, of Pekin (Terry A. Mertel and Thomas D. Arado (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel      JUSTICE LYTTON delivered the judgment of the court, with opinion.

Justices McDade and Wright concurred in the judgment and opinion.

## OPINION

¶ 1      Defendant, Chad M. Lane, was tried *in absentia* for predatory criminal sexual assault (720 ILCS 5/12–14.1(a)(1) (West 2006)) and aggravated criminal sexual abuse (720 ILCS 5/12–16(c)(1)(i) (West 2006)). The jury found defendant guilty of all charges, and the trial court sentenced him to 30 years' imprisonment. Defendant filed a motion to reconsider, which the trial court denied. On appeal, defendant argues that (1) he should not have been tried *in absentia*, (2) the trial court did not properly instruct the jurors as required by Illinois Supreme Court Rule 431(b) (eff. May 1, 2007), and (3) the evidence was insufficient to prove him guilty of predatory criminal sexual assault. We reverse and remand.

¶ 2      On August 31, 2010, we issued an opinion, reversing and remanding defendant's conviction, finding that the trial court erred in trying defendant *in absentia. People v. Lane*, 404 Ill. App. 3d 254 (2010). On May 25, 2011, the Illinois Supreme Court entered a supervisory order ordering us to vacate our judgment and reconsider in light of *People v. Phillips*, 242 Ill. 2d 189 (2011). We have reviewed *Phillips* and find that it supports our original decision in this case. Thus, we confirm our previous holding that the trial court erred in trying defendant *in absentia*.

¶ 3      The State filed a four-count information against defendant. Count I alleged that defendant committed predatory criminal sexual assault against his stepdaughter, S.M., by placing his finger in her vagina. Counts II through IV alleged that defendant committed aggravated criminal sexual assault against S.M. by kissing her neck and stomach and having her touch his penis with her hand.

¶ 4      On November 8, 2007, defendant was arrested. A court order from that date indicates that defendant was "called into open court" and "informed of the charge(s), right to counsel, right to bail and is furnished a copy of the Information." The order also indicates that defendant was advised "as to trial *in absentia* pursuant to 725 ILCS 5/113–4(e)." The order does not indicate that defendant entered a plea at that time. Defendant's arraignment was scheduled for a later date.

¶ 5    On December 31, 2007, defendant was arraigned. The written order from that date indicates that defendant was advised "as to trial *in absentia.*" The order also indicates that "Defendant enters a plea of Not Guilty to the charge(s) and demands Jury Trial." The transcript from this hearing date shows that defendant requested a jury trial but does not show that the trial court admonished defendant regarding trial *in absentia.*

¶ 6    Defendant's jury trial was set for July 21, 2008. On that date, defendant failed to appear and was tried *in absentia.* Andrea Lane testified that she is defendant's wife. She has four children with defendant and one child, S.M., from a previous marriage. On November 3, 2007, S.M., who was 10 years old, was visiting for the weekend. At approximately 10 p.m., Andrea fell asleep on the living room couch. When she woke up at about 11 p.m., she went upstairs and found defendant and S.M. in her son's room. S.M. was lying on the bed with her feet dangling off. Defendant was on his knees in between S.M.'s legs. S.M.'s nightshirt was pulled up to her neck, and defendant was kissing her stomach. When defendant saw her, he left the room. After defendant left, Andrea asked S.M. if defendant was "fucking" with her. S.M. said "yes." Andrea then went downstairs and talked to defendant. Defendant said that S.M. started it, and he did not want her to feel rejected. The next morning, Andrea talked to S.M. about what happened. At first, S.M. said that defendant was just kissing her but eventually said that defendant had his hand in her pants.

¶ 7    S.M. testified that she last saw defendant in the fall of 2007. After the other children went to bed, she, her mom and defendant were in the living room. Her mom fell asleep on the couch. Defendant was sitting on a chair and asked S.M. to sit on his lap. When she refused, he made her. While she was sitting on his lap, defendant put his hand inside her underwear and touched her "private" "in inappropriate ways." She said that he moved his hand, but she did not feel his hand go inside of her. She denied that it hurt but said it felt "very uncomfortable." Then he made her touch his "private part" under his clothes. After that, he picked her up and took her upstairs to her brother's room. He put her on the bed and pulled up her shirt and started kissing her stomach and neck. He stopped when her mom came in the room.

¶ 8    Jennifer Norman, a forensic interviewer for the Children's Advocacy Center, interviewed S.M. on November 6, 2007. That interview was recorded, and the DVD was played for the jury. During the interview, S.M. said that a few days earlier she was at her mom's house. After her mom fell asleep, defendant starting sucking and kissing on her stomach and neck. He also touched her private area under her underwear. She said defendant touched her private "inside" with "his hand" and "his fingers." She said it hurt. He also made her touch his private area.

¶ 9    Eric Goeken of the Tazewell County sheriff's office testified that he interviewed defendant on November 6, 2007. That interview was recorded, and the DVD was played for the jury. During the interview, defendant claimed that on November 3, 2007, he was drunk and fell asleep. When he woke up, S.M. was sitting on his lap "doing things she shouldn't have been doing *** to me and herself." He walked upstairs with S.M. and asked her if she was okay with what she had been doing. She said "yes." S.M. went into her brother's room and laid down sideways on the bed. Andrea walked in the room when he was finishing his "conversation" with S.M. At the end of the interview defendant asked, "What is an adult

-3-

supposed to do when a 10-year-old touches him? *** Is there a right response for that?"

¶ 10    Defendant's biological daughter, S.L., testified that she last saw defendant four years earlier, when she was nine years old. She visited him at his house for one month during the summer. Near the end of that month, she was sitting on the couch near defendant. Defendant told her to scoot over next to him. He put his arm around her and then moved his hand toward her breast area and touched her over her clothes. He placed his other hand on her knee and then moved it to her crotch area and touched her over her clothes. He continued to touch her for about 20 to 30 minutes.

¶ 11    On July 22, 2008, the jury found defendant guilty of all charges. On August 25, 2008, defendant filed a posttrial motion. The trial court denied the motion and sentenced defendant *in absentia* to 25 years' imprisonment on the predatory criminal sexual assault conviction and 5 years on the remaining convictions, to be served concurrently with each other but consecutive to the predatory criminal sexual assault conviction. Defendant was apprehended in early October 2008.

¶ 12    On October 20, 2008, defendant filed a motion to reconsider his sentence and appeared in court for the first time following his trial and sentencing. On that date, the court expressed concern about whether the motion to reconsider the sentence was timely because it was filed more than 30 days after his sentence. The prosecutor stated that the statute did not specifically address when a posttrial motion must be filed following a trial and sentencing *in absentia*. She opined that it was "up to the Court's interpretation." The court suggested scheduling a hearing on defendant's motion, but defense counsel stated that he had no additional argument and would rely on his written motion. The State argued that the sentence the trial court imposed on defendant was "appropriate." The trial court denied the motion.

¶ 13                                      ANALYSIS

¶ 14                                         I

¶ 15    The State argues that we should dismiss defendant's appeal because defendant's motion to reconsider his sentence was untimely.

¶ 16    "A trial court loses jurisdiction to vacate or modify its judgment 30 days after entry of judgment unless a timely postjudgment motion is filed." *People v. Minniti*, 373 Ill. App. 3d 55, 65, 867 N.E.2d 1237, 1246 (2007). "However, under the revestment doctrine, litigants may revest a court that has general jurisdiction over the matter with both personal and subject matter jurisdiction over the particular cause after the 30-day period following final judgment." *Minniti*, 373 Ill. App. 3d at 65, 867 N.E.2d at 1246. "Revestment applies when the parties (1) actively participate without objection (2) in further proceedings that are inconsistent with the merits of the prior judgment." *Minniti*, 373 Ill. App. 3d at 65, 867 N.E.2d at 1246.

¶ 17    In *People v. Gargani*, 371 Ill. App. 3d 729, 863 N.E.2d 762 (2007), the defendant was found guilty and sentenced *in absentia*. He filed a motion to reconsider his sentence more than 30 days after the judgment. The State did not object to the defendant's motion but argued at the hearing on the motion that the defendant's sentence was proper. The court held that "the State's active participation in the proceedings revested the trial court with

-4-

jurisdiction." *Gargani*, 371 Ill. App. 3d at 732, 863 N.E.2d at 766.

¶ 18    Similarly, in this case, defendant's motion to reconsider his sentence was untimely. However, at the hearing on the motion, the State did not object. When the court expressed concern that the motion was untimely, the prosecutor stated that it was "up to the Court's interpretation." The prosecutor then went on to address the merits of defendant's motion, arguing that defendant's sentence was proper. By arguing against the substance of defendant's motion to reconsider his sentence, the State revested the trial court with jurisdiction. See *Gargani*, 371 Ill. App. 3d at 732, 863 N.E.2d at 766. Thus, we have jurisdiction over this appeal.

¶ 19                                            II

¶ 20    Defendant's first claim of error is that the trial court improperly tried him *in absentia.*

¶ 21    The right to be present at trial is of constitutional dimension. *People v. Phillips*, 242 Ill. 2d 189, 194 (2011). In Illinois, defendants have a statutory right to be admonished as to possible consequences of failing to appear in court when required. *Id*. at 195. Section 113–4(e) of the Code of Criminal Procedure of 1963 (Code) provides in relevant part:

> "If a defendant pleads not guilty, the court shall advise him at that time or at any later court date on which he is present that if he *** is released on bond and fails to appear in court when required by the court that his failure to appear would constitute a waiver of his right to confront the witnesses against him and trial could proceed in his absence." 725 ILCS 5/113–4(e) (West 2006).

The plain language of section 113–4(e) requires that admonitions be given when a defendant enters a not guilty plea or at any later court date after the plea when the defendant is present. 725 ILCS 5/113–4(e) (West 2006); *Phillips*, 242 Ill. 2d at 195.

¶ 22    A defendant may be tried *in absentia* if he (1) is properly admonished pursuant to section 113–4(e), (2) has notice of his trial date, and (3) voluntarily fails to appear, offering no explanation for his absence. *People v. Johnston*, 160 Ill. App. 3d 536, 540, 513 N.E.2d 528, 531 (1987). A defendant may not be tried *in absentia* if the trial court has not complied with section 113–4(e). *Phillips*, 242 Ill. 2d at 197, 201.

¶ 23    The supreme court has held that section 113–4(e) admonitions are particularly appropriate and most effective at arraignment because that is "the proceeding where the defendant is called to the bar, is advised of the charges against him, and is required to answer the accusation contained in the indictment." *People v. Garner*, 147 Ill. 2d 467, 480, 590 N.E.2d 470, 476 (1992). "[A] defendant's plea can only be entered after he has been fully advised by the court of his rights and the consequences of his plea." *Garner*, 147 Ill. 2d at 480, 590 N.E.2d at 476. A defendant's plea determines whether he proceeds to trial. *Garner*, 147 Ill. 2d at 480, 590 N.E.2d at 476.

¶ 24    Also, a court will "presume that the common-law record is correct." *People v. Martinez*, 361 Ill. App. 3d 424, 427, 837 N.E.2d 479, 481 (2005). When a conflict exists between the common-law record and the report of proceedings, a court must give the report of proceedings precedence. *Martinez*, 361 Ill. App. 3d at 427, 837 N.E.2d at 481.

¶ 25    Here, defendant was not given his *in absentia* admonishments at the time he entered his not guilty plea or any court hearing thereafter.

¶ 26    The first written order contained in the common-law record is from November 8, 2007, the date of defendant's arrest. The November 8 order indicates that the trial court gave defendant section 113–4(e) admonishments but does not indicate that defendant entered a plea on that date. This hearing was not transcribed. In the absence of any evidence to the contrary, we must presume that the written order showing that no plea was entered is correct. See *Martinez*, 361 Ill. App. 3d at 427, 837 N.E.2d at 481. Therefore, the court's *in absentia* admonishments on that date did not comply with the section 113–4(e) requirement that a plea must be entered when the admonishments are given.

¶ 27    Defendant next appeared in court at his arraignment on December 31, 2007. The December 31 order indicates that defendant pled not guilty and the court gave him his section 113–4(e) admonishments. The report of proceedings from that hearing, however, shows no section 113–4(e) admonishments. Because of the differences between the report of proceedings and common-law record, the report of proceedings must control. See *Martinez*, 361 Ill. App. 3d at 427, 837 N.E.2d at 481. The transcript establishes that the trial court did not provide defendant with section 113–4(e) admonishments on December 31, 2007. Section 113–4(e) admonishments are a prerequisite to trial *in absentia*. See *Phillips*, 242 Ill. 2d at 197. Although the trial court could have admonished defendant about trial *in absentia* at a court hearing subsequent to his arraignment, there is no evidence in the record that it did so. Since the trial court did not provide admonishments in compliance with the statute, it erred in conducting defendant's trial *in absentia*. See *Phillips*, 242 Ill. 2d at 197, 201. Thus, we must reverse defendant's conviction and remand this matter for a new trial. See *People v. Green*, 190 Ill. App. 3d 271, 275, 546 N.E.2d 648, 650 (1989).

¶ 28                                                        III

¶ 29    Since this case must be remanded for a new trial, we find it unnecessary to address defendant's remaining contentions of error on appeal. However, to prevent the risk of exposing defendant to double jeopardy, we must consider whether the State presented sufficient evidence to prove defendant guilty beyond a reasonable doubt of predatory criminal sexual assault and aggravated criminal sexual abuse. See *People v. Macon*, 396 Ill. App. 3d 451, 458, 920 N.E.2d 1224, 1230 (2009). Based on our review of the record in the light most favorable to the State, we find the evidence presented at trial was sufficient for the jury to conclude that defendant was guilty beyond a reasonable doubt of the crimes with which he was charged.

¶ 30                                              CONCLUSION

¶ 31    The order of the circuit court of Tazewell County is reversed and the cause is remanded.

¶ 32    Reversed and remanded.