# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Jackson*, 2012 IL App (1st) 102035

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DORIAN JACKSON, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-10-2035 |
| Filed | July 10, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Although defendant waived his objection to the prosecutor's misstatement of the evidence during rebuttal closing argument by failing to raise the issue at trial, the appellate court was entitled to review the issue under the plain error doctrine, and based on the closeness of the evidence and the substantial prejudice defendant suffered, his conviction was reversed and the cause was remanded for a new trial. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-C6-61704; the Hon. Frank Zelezinski, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Kieran M. Wiberg, all of State Appellate Defender's Office, of Chicago, for appellant. |
| | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Eve Reilly, and Michelle D. Hemphill, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion. Justices Cunningham and Connors concurred in the judgment and opinion. |

## OPINION

¶ 1    Defendant, Dorian Jackson, appeals his conviction after a jury trial of aggravated unlawful use of a weapon and his sentence of one year's imprisonment. On appeal, Jackson contends his conviction must be reversed and the cause remanded for a new trial because (1) the prosecutor's misstatement of the evidence during rebuttal argument was prejudicial error; (2) the Illinois aggravated unlawful use of a weapon statute is unconstitutional; (3) one of the jurors who convicted him did not reside in Cook County; and (4) the trial court erred in denying his pretrial motion to exclude evidence of cannabis found in his car where it was not relevant to the charge against him. For the following reasons, we reverse Jackson's conviction and remand for a new trial.

¶ 2                          JURISDICTION

¶ 3    The trial court sentenced Jackson on July 16, 2010, and he filed a timely notice of appeal on July 16, 2010. Accordingly, this court has jurisdiction pursuant to article VI, section 6, of the Illinois Constitution and Illinois Supreme Court Rules 603 and 606, governing appeals from a final judgment of conviction in a criminal case entered below. Ill. Const. 1970, art. VI, § 6; Ill. S. Ct. R. 603 (eff. Oct. 1, 2010); R. 606 (eff. Mar. 20, 2009).

¶ 4                          BACKGROUND

¶ 5    Jackson was charged with four counts of aggravated unlawful use of a weapon. Prior to trial, he filed a motion to quash arrest and suppress evidence regarding the cannabis found in his car. Jackson testified at the hearing that he was driving down Sauk Trail Road with an air freshener hanging from his rear view mirror when a police officer made a U-turn, turned on his flashing lights, and pulled Jackson over. Officer Leo Garza testified that he saw Jackson driving down Sauk Trail Road with a Christmas tree-shaped air freshener hanging from the mirror. The air freshener obstructed Jackson's view and he also switched lanes

-2-

without turning on his signal. Officer Peter Loquercio, the backup officer who arrived at the scene during the stop, testified that the Christmas tree-shaped air freshener obstructed the driver's view. The trial court denied Jackson's motion, ruling that the officer "had a reasonable articulable suspicion that a traffic violation, in fact, was being committed. He *** was justified in stopping the vehicle at that point to make that further determination."

¶ 6　At trial, Officer Garza testified that on September 23, 2008, at around 6 p.m., he was working the afternoon shift. He was traveling eastbound on Sauk Trail Road when he observed a red Oldsmobile traveling westbound switch lanes without using turn signals. He made a U-turn and pulled over the red Oldsmobile. When he approached the vehicle he noticed the engine was turned off and Jackson was sitting in the driver's seat. Officer Garza also saw a plastic baggie containing a green leafy substance in a cupholder of the center console. Officer Garza asked to see Jackson's license and insurance, but instead Jackson handed him a traffic ticket and state identification. Officer Garza soon learned that Jackson's driver's license had been suspended. When Officer Loquercio arrived on the scene, Officer Garza asked Jackson to step out of the car so that they could place him under arrest for driving with an expired license and for possessing cannabis.

¶ 7　Officer Garza stated that Jackson started his car and tried to put the vehicle into drive. Officer Garza, fearing for his safety, drew his weapon and ordered Jackson to exit the vehicle. He again ordered Jackson to exit the car and Jackson got out. Officer Garza handcuffed him, patted him down, and placed him in the back of the police car. During this time, Officer Loquercio watched the passenger in the car. When Officer Garza returned to Jackson's car, Officer Loquercio got the passenger out of the car and handcuffed him. Officer Loquercio recovered a bag of cannabis from the passenger and also notified Officer Garza that he had found a gun in the driver's side of the car. During a search of the entire vehicle, Officer Garza opened the center console and found a larger bag containing cannabis.

¶ 8　The gun recovered from Jackson's vehicle was a Smith and Wesson 9-millimeter handgun with a magazine and 10 rounds of ammunition. The gun was transferred to the police department and then to the crime lab. A check of the license plates confirmed that Jackson owned the red Oldsmobile.

¶ 9　Officer Loquercio testified that on September 23, 2008, he was working as a patrol officer. While monitoring radio traffic, he heard Officer Garza inquire about a license plate number which usually means a traffic stop was in progress. After hearing the location of Officer Garza's stop, Officer Loquercio traveled to the scene. He saw Officer Garza standing next to the driver's side window of a red Oldsmobile. He got out of his car and heard Officer Garza ask Jackson to get out of the car. Jackson then made an aggressive, quick motion, started the car, and attempted to put the car into drive. He removed his weapon and pointed it at defendant because he feared for his life. The officers shouted verbal commands at Jackson to put the car in park and get out of the car. Once Jackson exited the vehicle, Officer Loquercio kept his weapon out while Officer Garza returned his weapon to his holster before handcuffing Jackson. Officer Loquercio secured the passenger and while performing a pat-down he found cannabis.

¶ 10　Both officers began a full search of the red Oldsmobile. Officer Garza found more

cannabis, and Officer Loquercio opened the driver's side door and noticed a bulge under the floor mat. He lifted the floor mat and recovered a Smith and Wesson 9-millimeter semiautomatic pistol. The weapon was uncased and loaded. The State rested and Jackson moved for a directed verdict which the trial court denied.

¶ 11    Jackson testified that he resided in Richton Park, Illinois and worked at a shop called Bubbles and Beyond. He acknowledged that he owned the red Oldsmobile and he did have an air freshener hanging from his rearview mirror. On September 23, 2008, he went to his cousin Matthew's house to watch music videos. While there, he agreed to let his other cousin Kenny borrow the car because Kenny had to run some errands. Three hours later, Kenny returned with a friend. They joined Jackson and Matthew to watch videos before Jackson drove Kenny home to Ford Heights, Illinois. When driving Kenny home, Matthew and Kenny's friend rode in the back seat. After arriving at Kenny's home, they stayed around for about three or four hours before Jackson and Matthew left.

¶ 12    Jackson drove westbound on Sauk Trail Road in the far right lane because he was preparing to make a right turn onto Richton Road to take Matthew home. He stated that he did not switch lanes. A police car pulled him over as he passed Ashland. Officer Garza approached Jackson's vehicle and asked if he could search the car. Jackson handed Officer Garza his insurance, traffic citation, and state identification. Officer Garza asked again if he could search the car. Jackson asked him why he was being pulled over and Officer Garza opened the driver's side door and pulled Jackson out of the car. He took Jackson to the rear of the car, patted him down, handcuffed him, and took him to the police car.

¶ 13    Jackson testified that he saw another police car at the scene and two officers got out of the other car and began to search his car while Matthew was still inside. Jackson stated that a handgun and a bag of marijuana were recovered from his vehicle. He further testified that he did not put the gun in his car, had no knowledge that the gun was in his car, and never saw the gun in his car before it was recovered by the police. He stated that the gun was not in his car when he went to Matthew's house that morning. Jackson testified that he did not know where Kenny drove the car and when Kenny returned, Jackson did not search his vehicle. Jackson also denied that he tried to start his car after being pulled over or that he attempted to shift gears.

¶ 14    The jury found Jackson guilty of one count of aggravated unlawful use of a weapon and the trial court denied his motion for a new trial on April 29, 2010. After hearing arguments in mitigation and aggravation, the trial court sentenced Jackson to one year imprisonment. Jackson filed this timely appeal.

¶ 15                              ANALYSIS

¶ 16    Jackson contends he was denied a fair trial when the prosecutor remarked during rebuttal closing argument that Jackson had told officers he found a gun in his car. The State argues that Jackson has waived this issue on appeal because he failed to object to the statement at trial. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) (to preserve an issue for appeal, defendant must both object at trial and raise the issue in a posttrial motion). However, where the prosecutor misstated the evidence in closing argument, a reviewing court may review the

issue under plain error. *People v. Robinson*, 157 Ill. 2d 68, 84 (1993). The plain error doctrine allows reviewing courts to address forfeited errors if "(1) the evidence is close, regardless of the seriousness of the error" or "(2) the error is serious, regardless of the closeness of the evidence." *People v. Herron*, 215 Ill. 2d 167, 186-87 (2005).

¶ 17    Error clearly occurred here. Jackson never stated that he told police he found a gun in his car. Furthermore, the evidence at trial was comprised of conflicting testimony by opposing witnesses. Although cannabis and a weapon were recovered from Jackson's car, Jackson testified that other people had been in his car that day and a passenger was in the car when Officer Garza stopped Jackson. No physical evidence linked Jackson to the recovered gun. Where judgment rests solely on the credibility of witnesses at trial, the evidence is closely balanced. *People v. Steidl*, 177 Ill. 2d 239, 256 (1997). We will review Jackson's claim as plain error.

¶ 18    Jackson challenges the following remark made by the prosecutor in rebuttal during closing argument:

>  "Defendant['s] own words, he told the officers he found a gun in his car. He can't deny that. He can't deny that there was, in fact, a gun in his car. He can't admit it was his, but he can't deny it was there."

He argues that no one testified at trial that he told officers about the gun found in his car, and the misstatement "was completely devastating" to his defense, which was based on his claim that he did not know a gun was in his car. A prosecutor has great latitude in closing argument and may argue fair and reasonable inferences drawn from the evidence at trial. *People v. Porter*, 372 Ill. App. 3d 973, 978 (2007). However, he may not argue facts not based on evidence in the record. *People v. Johnson*, 208 Ill. 2d 53, 115 (2003). A prosecutorial misstatement does not necessarily deprive a defendant of a fair trial. *People v. Patrick*, 205 Ill. App. 3d 222, 228 (1990). A reviewing court will reverse a jury's verdict based upon improper comments during closing arguments only if such remarks "resulted in substantial prejudice to the defendant and constituted a material factor in his conviction." *People v. Brooks*, 345 Ill. App. 3d 945, 951 (2004).

¶ 19    To convict Jackson of aggravated unlawful use of a weapon under the statute, the State must show that Jackson knowingly carried in his vehicle a gun that was uncased, loaded, and immediately accessible at the time of the offense. See 720 ILCS 5/24-1.6 (West 2008). The parties do not dispute that the determinative issue at trial was whether Jackson had knowledge that the gun was in his car when Officer Garza pulled him over. As such, we find that the prosecutor's improper remarks substantially prejudiced Jackson. The evidence here did not overwhelmingly favor the State. The only evidence the State presented that could demonstrate Jackson's knowledge of the gun in his car came from the testimony of Officer Garza. He testified that Jackson attempted to restart his car and flee when Officer Garza instructed him to exit his vehicle so he could be placed under arrest for having no valid license and for possessing cannabis. Jackson, however, testified that he never attempted to restart his car after being stopped and that Officer Garza pulled him out of the car to place him under arrest. Although Jackson acknowledged that the police recovered cannibis and a gun from his car, he denied having any knowledge that the gun was in his car. In fact,

Jackson consistently maintained throughout the trial that he had no knowledge the gun was in his car and others had access to his vehicle that day.

¶ 20     Jackson's position that he did not know of the gun in his vehicle comprised the core of his defense. The State's misstatement that Jackson actually told police that he found a gun in his car directly contradicted Jackson's trial testimony that he had no knowledge of the gun. Adding to the harm, Jackson had no opportunity to respond to the misstatement because it was made during the State's rebuttal closing argument. Given the closeness of the evidence, and the fact that the misstatement spoke directly to the issue of Jackson's knowledge of the gun, we find that the error substantially prejudiced Jackson and was a material factor in his conviction. Although the trial court did subsequently instruct the jury that closing argument is not considered evidence, such admonishment was insufficient to cure the error in this case. We therefore reverse Jackson's conviction and remand for a new trial. See *Brooks*, 345 Ill. App. 3d at 953 (if the improper statement "has the effect of undermining the entire trial, reversal for a new trial is warranted").[1]

¶ 21     We must now address the double jeopardy issue arising from our reversal of Jackson's conviction. The double jeopardy clause of the United States Constitution prohibits the State from having another opportunity to try a case unless it has in the first trial presented sufficient evidence to prove the defendant guilty beyond a reasonable doubt. *People v. Macon*, 396 Ill. App. 3d 451, 458 (2009). Since the State may reindict and retry defendant, double jeopardy requires the appellate court to rule upon the sufficiency of the evidence issue. *People v. Taylor*, 76 Ill. 2d 289, 309 (1979). Upon careful review of the record in the light most favorable to the prosecution, we find the evidence sufficiently supports the jury's verdict beyond a reasonable doubt. Our determination, however, is not binding on retrial and does not indicate this court's decision as to Jackson's guilt or innocence.

¶ 22     For the foregoing reasons, the judgment of the circuit court is reversed and the case is remanded for a new trial.

¶ 23     Reversed and remanded.

---

[1]Due to our disposition of the case, we need not address Jackson's remaining contentions at this time.